Attorneys—Hyre & Hyre, for Stanchoff; A. E. Brueckner, for Weigand; all of Cleveland.

---

### No. 825

### BROWN-GRAVES-VINCENT CO v. DEUTCHMAN et al

Ohio Appeals, 9th Dist., Summit County
No. 823. Sept. 22, 1924

787. Mortgages — Mechanic's lienholder signing in waiver of lien in favor of mortgagee advancing money thereon, held estopped to assert priority against mortgage.

755. MECHANIC'S LIENS—Consideration for waiver of mechanic's lien is sufficient if lienholder derives benefit express or implied.

WASHBURN, J.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

The Brown Co. claims a mechanic's lien on certain premises and the Akron Guaranteed Mtg. Co. claims a mortgage lien on the same property. The issue is as to whether the mechanic's lien was waived.

The record shows that one Tuck, comptroller of the Brown Co., signed such waiver, his signature compared with his genuine signature and other like waivers of mechanics' liens on behalf of the Brown Co. justifies the inference of his authority in the premises. The mortgage company received said waiver in exchange for money advanced to mechanics' lienholders. Affirming the Common Pleas, the Court of Appeals held:

1. The mechanics' lienholder by signing a waiver in favor of the mortgage lien, enabling the former to obtain part of the loan which the mortgage was to secure, is estopped to assert priority over the mortgage.

2. Consideration for waiver of lien is sufficient if the mechanic's lienholder derives benefit expressed or implied.

Attorneys—Carl M. Myers, for Brown-Vincent Co.; Burch, Bancon & Denlinger, for Deutchman et al; all of Akron.

### MOTOASCA v. VAUGHAN

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4766. Jan. 21, 1924

1235. VERDICT—For less than actual loss proved in personal injury case in reversal.
PER CURIAM.

#### Epitomized Opinion
Published Only in Ohio Law Abstract

Original action for damages in the Common Pleas wherein George Matoasca was plaintiff and Alfred C. Vaughan was defendant. Plaintiff was struck and injured by an automobile driven by defendant. Verdict and judgment were rendered for plaintiff for $25. Plaintiff prosecuted error contending that the verdict was so low as to be manifestly against the weight of the evidence. Held:

It must have been determined by the jury that defendant was guilty of the negligence charged before plaintiff would be entitled to a verdict. There was uncontradicted testimony that plaintiff's expenses for a doctor and for medicine were $75. If plaintiff was entitled to recover at all he was entitled to recover the actual loss that he sustained in medical expenses. Since the court can reverse a judgment because a verdict is too high, it can also reverse it because the judgment is too low. The judgment will be reversed and the case remanded for a new trial.

Attorneys—Mills, Knight & Miller, for Motoasca; Thompson, Hine & Flory, for Vaughan; all of Cleveland.

---

### LIMITATION FOR ERROR PROCEEDINGS TO ORDER OF PUBLIC UTILITIES COMMISSION

The Supreme Court holds, in its decision in the case of City of Dayton v. Public Utilities Commission, announced Dec. 16, 1924, that the time from which to compute the sixty days allowed for the institution of proceedings in error from the Public Utilities Commission to the Supreme Court (under Sec. 547 GC) is the date of the final order on the journal of the commission and not the date of the overruling of the application for rehearing.

This ruling reverses the practice which has heretofore been permitted of computing the sixty days from the denial of the application for a rehearing and establishes the same rule for prosecuting error to the orders of the commission as is prescribed for petitions in error in the state courts.

The decision in the case of Coss v. Public Utilities Commission, referred to in Miller's Supreme Court Practice, Sec. 332, is therefore reversed.                    Seba H. Miller,
Clerk of Supreme Court.