### McCORKLE et al. v. LAWSON & CO., Inc.

Court of Appeals of Kentucky.

March 20, 1953.

As Modified on Denial of Rehearing
June 19, 1953.

Van Sant & Young, Frankfort, James W. Smith, Middlesboro, Ray O. Shehan and D. B. Smith, Harlan, for appellants.

Joseph K. Beasley, Harlan, J. J. Leary, Frankfort, for appellee.

CULLEN, Commissioner.

Lawson & Company, a building supply firm, secured judgment awarding it a materialman's lien against a dwelling owned by W. F. McCorkle and wife, for materials furnished to the contractor who constructed the dwelling. The lien is for the amount of $3,528.69. The McCorkles appeal, claiming (1) that Lawson & Company waived its right to a lien, and (2) that notice of the lien claim was not given within 35 days after the last item of material was furnished, as required by KRS 376.010 (3).

The McCorkles had made a contract with one Suttles for the construction of their dwelling house, at a price of $5,060. The contract provided for progress payments up to $2,000, with the balance of $3,060 to be withheld until the house was completed and receipts furnished showing payment of all invoices for materials and all laborers' wages. The contract further provided that Suttles would pay for all materials when purchased, and would not permit any materialmen's liens to be placed against the property.

The work was commenced early in January, 1949, and it appears that Suttles immediately began to obtain materials from Lawson & Company on credit, and continued during the time he worked on the dwelling to charge all the materials received from Lawson & Company. On February 14 or 21 (the date is in dispute) McCorkle removed Suttles from the job and employed other workers to finish it. At that time the house was approximately 85 percent completed, and McCorkle had paid Suttles all of the progress payments amounting to $2,000. The balance of $3,060 was never paid to Suttles, because of his failure to pay for the materials.

On the question of waiver, McCorkle contends that early in the contract period he went to the offices of Lawson & Company and voiced an objection to the furnishing of materials on credit, and that the chief officer of Lawson & Company then told him that they were "looking to" Suttles for payment and would not charge any of the materials against the house. The chief officer of Lawson & Company was not firm and positive in his denials of making this statement, and for the purposes of this opinion we will assume that the evidence establishes that the statement was made.

The argument of McCorkle is that Lawson & Company, by reason of the statement mentioned above, waived its right to claim a lien, and that no consideration is necessary to support such a waiver.

In 57 C.J.S., Mechanics' Liens, § 223, page 795, the general rule is stated to be that a waiver of a mechanic's lien must be supported by a consideration in order to be effective. The rule recognizes, however, that reliance and action on the waiver may be treated as a sufficient consideration. Supporting the general rule is a recent Ohio case, Connecticut Gen. Life Ins. Co. v. Birzer Bldg. Co., Ohio Com.Pl.1950, 101 N.E. 2d 408.

The Kentucky case of Taylor v. Fuller, 162 Ky. 568, 172 S.W. 959, is a precedent for applying the rule in this jurisdiction. The opinion in that case indicates that in order for an express *waiver* to be binding, there must be a consideration, and in order for there to be an *implied* waiver a party must have engaged in conduct or performed acts inconsistent with the existence of the right alleged to have been waived, misleading the other party to his prejudice. In the Taylor case, workmen told the contractor that they were "looking to" him for their wages, and the court held that this did not constitute a waiver of their right to claim a mechanic's lien.

In the case before us, there is no claim that there was any direct consideration for the alleged express waiver by Lawson & Company. Nor was there any implied consideration from the standpoint of McCorkle being led to act to his prejudice by conduct of Lawson & Company inconsistent with the existence of their right to claim a materialman's lien. McCorkle was not induced, by the acts of Lawson & Company, to pay Suttles the full contract price for the house; in fact, he retained out of

the contract price a sum almost sufficient to pay the lien claim of Lawson & Company.

We find no basis for upholding the argument of waiver.

 Concerning the question of whether the last item of material was furnished within 35 days of the date notice of the lien claim was mailed to McCorkle, we find a conflict in the evidence.

The notice was mailed on March 21—the last item of material therefore would have had to have been furnished on or after February 15 in order for the notice to be in time. KRS 376.010(3). Lawson & Company relies primarily upon the dates of its invoices. One invoice, for 20 pounds of nails, was dated February 18. Another invoice which, among other things, included 720 feet of hardwood flooring, was dated February 15. The bookkeeper and the chief officer of Lawson & Company testified that invoices always were dated the day *the order was received,* and that deliveries sometimes were made on the same day and sometimes on a later day. The testimony of Suttles was that he picked up the nails at Lawson & Company on a Monday and took them to the Mc-Corkle house. He was not positive as to the date, although he thought it probably was February 21. A truck driver for Lawson & Company testified that he went to Barbourville to get the hardwood flooring and delivered it to the McCorkle house, but he could not remember the date. However, the president of the Barbourville flooring company introduced a tally sheet showing that 720 feet of hardwood flooring was picked up by the Lawson & Company truck driver on February 16.

The evidence on behalf of McCorkle was that Suttles was removed from the job on Monday, February 14, and that no materials were delivered after that date.

We think the evidence of Lawson & Company was competent and was sufficient to support the finding of the chancellor that the last item of material was delivered within the 35-day period.

 In addition to awarding a lien, the judgment made McCorkle and his wife personally liable for the amount of the lien claim. This was error. Powers v. Brewer, 238 Ky. 579, 38 S.W.2d 466. The proof does not establish any specific promise by the McCorkles to pay the claim.

The judgment is reversed in so far as it gives personal judgment against the Mc-Corkles. In all other respects it is affirmed.

DUNCAN, J., not sitting.