**GREENSBURG DEPOSIT BANK, Appellant,**

v.

**GGC–GOFF MOTORS, A Partnership, d/b/a Goff Motor Company, Lyman T. Maddox d/b/a Maddox Paving Company; and Bobby Gene Curry, Appellees.**

No. 91–SC–431–DG.

Supreme Court of Kentucky.

March 18, 1993.

Rehearing Denied May 27, 1993.

Sam W. Moore II, Greensburg, for appellant.

Rodger G. Cox, Campbellsville, for appellee, GGC–Goff Motors.

Phil Allan Bertram, Campbellsville, for appellee, Lyman T. Maddox.

Bobby Gene Curry, Master Comm'r, Greensburg, for appellee, Bobby Gene Curry.

COMBS, Justice.

In 1988, GGC–Goff applied for a loan from the Greensburg Deposit Bank, the loan to be secured by certain real estate. While the application was pending, appellee Maddox was engaged by GGC–Goff to pave a parking area on the same real estate. In processing the loan application, counsel for the bank discovered that Maddox had performed the paving work and had not been paid, and that therefore he might file a materialman's lien for his work and materials. It was also discovered that Maddox had assigned his right to payment to the Citizen's Bank, having borrowed from it the money to purchase the paving materials. Aware that its mortgage would be subordinate to the materialman's lien, Greensburg Deposit Bank informed GGC–Goff that it could not make the loan unless: 1) Maddox was paid by GGC, or 2) the money due Maddox was escrowed, or 3) both Maddox and the Citizen's Bank signed a waiver of lien. GGC–Goff opted for the waiver, which was prepared by the bank's counsel and delivered to Maddox, who then consulted his own attorney.

Counsel for Maddox prepared an "acceptance of work," by which GGC–Goff acknowledged that Maddox's work was complete and acceptable, and promised to pay him within 120 days. On the same day that this document was executed by GGC–Goff, Maddox executed the waiver of lien, which provides, in part:

Now, both Terry Maddox, d/b/a Maddox Paving Company, and the Citizens Bank, agree that they shall not file any mechanic or materialman's lien, or any other kind of lien, against the Goff Motor Company property or any of the owners of the property, asserting a lien or claim superior to the Mortgage lien of the Greensburg Deposit Bank and Trust Company.

The sole purpose of this Waiver and Acknowledgment is to give assurance to the Greensburg Deposit Bank and Trust Company that if it takes a Mortgage on the real and personal property of Goff Motor Company, neither Terry Maddox nor the Citizen's Bank shall assert that they have a claim superior to that of the Bank.

Two weeks later, the same waiver was executed by the Citizen's Bank, and Greensburg's loan to GGC–Goff was closed on the same day.

Maddox was never paid. He filed an action against GGC–Goff and the Greensburg Deposit Bank. Both Maddox and the bank won judgment against GGC–Goff, the real estate was ordered sold, and the question of priority as to the proceeds (as between Maddox and the Greensburg Deposit Bank) was reserved. At a subsequent hearing, Maddox testified that an officer of the bank had orally assured him, before the waiver was executed, that he would be paid. The trial court found that Maddox had failed to prove this alleged modification of the waiver, and concluded that the waiver was valid and effective, rendering the bank's mortgage superior to Maddox's materialman's lien.

The Court of Appeals reversed, holding that the waiver was ineffective because not supported by valuable consideration. We granted discretionary review.

In *Taylor v. Fuller*, 162 Ky. 568, 172 S.W. 959 (1915), dealing with a mechanic's lien, it was said that an express waiver must be supported by consideration, and that an implied waiver arises only where a party has engaged in conduct or performed acts inconsistent with the existence of the right alleged to have been waived, misleading the other party to his prejudice. That principle was applied to a materialman's lien in *McCorkle v. Lawson & Co.*, Ky., 259 S.W.2d 27 (1953). In neither *Taylor* nor *McCorkle* was any direct consideration or detrimental reliance found. That is not the case here. For his waiver, Maddox received the prospect of prompt payment from GGC–Goff, knowing that once the loan was made, it would have the ability to pay in accordance with its "acceptance of work" agreement with Maddox. Moreover, it is clear that the bank approved the loan to GGC–Goff in reliance on Maddox's express assurance that he would not assert any claim superior to its own. We conclude that the waiver was supported both by actual consideration and by the bank's detrimental reliance on Maddox's representations.

The decision of the Court of Appeals is reversed, and the opinion and order of the Green Circuit Court is reinstated.

All sitting. All concur.