## PLUNKETT *v.* WINCHESTER.

Opinion delivered March 6, 1911.

1. MECHANICS' LIEN—JURISDICTION TO ENFORCE.—A mechanics' lien may be enforced in the circuit court. (Page 165.)

2. CONTRACTS—ENTIRETY.—A contract for the sale of several lots, reciting a single consideration, should be construed as an entire contract. (Page 165.)

3. SAME—BREACH—REMEDY.—Where one party to a contract commits the first substantial breach of it, the other is authorized to regard it at an end and bring suit for the balance due under the contract. (Page 165.)

4. MECHANICS' LIEN—ENFORCEMENT.—Where a party furnished materials for the construction of a building under an agreement that the owner thereof by way of payment would convey certain lots at an agreed price, and such owner was unable to convey part of the land, the party is entitled to enforce his mechanics' lien. (Page 166.)

Appeal from Pulaski Circuit Court; *F. Guy Fulk,* Judge; affirmed.

### STATEMENT BY THE COURT.

This suit was brought by appellees for the balance due for work done in the construction of a house on lot 1, block 7, Plunkett's Second Addition to the city of Little Rock.

It was alleged that under a contract made on the 22d day of June, 1908, the plaintiffs agreed to erect a building on lot 1, block 7, of Plunkett's Second Addition to the city of Little Rock, Ark., for the total sum of $938; that they did work upon the building to the amount of $450 and were to be paid part in money and part in lots, towit: lots 1 and 2, block 4, in Plunkett's First Addition, "but that the said defendants are unable to deliver possession of said lots, and that there is still due and unpaid to the plaintiffs the sum of $388; that within the time required by law they filed their lien upon the above described property as demanded by their contract, but the defendants failed and refused to comply with their part of the contract, and that they are unable, and have failed and refused, to deliver to them lots 1 and 2, block 4, in Plunkett's First Addition, and state the facts to be that another than the plaintiff, one A. Clinton, is in possession of and claims the property and refuses to deliver the possession of same. Prayed judgment for the $388 and a lien upon the property.

A demurrer to the complaint was filed and overruled. Defendants then filed an answer and a motion to transfer the cause to the chancery court, which being overruled they filed amended and substituted answer and cross complaint, stating:

They admitted that they entered into the contract with the plaintiffs for the construction of the buildings on the site mentioned, but denied that the contract price was $938, and that plaintiffs did work upon the building amounting to $450. They denied that plaintiffs were to receive, as compensation for the construction of the building, part money and part lots, but stated that plaintiffs agreed to purchase five certain lots from the trustee of defendants, and that the money due them for the construction of said building was to be credited on the purchase price of the lots and advanced to enable said plaintiff to carry out their contract; denied the contract to deliver to plaintiffs at any specified time said lots 1 and 2 in block 4; alleged that plaintiffs knew that these lots were in the possession of adverse claimant at the date of contract, and that the title to same was in litigation; denied any indebtedness whatever to plaintiffs and their right to a lien upon the property. They stated further that appellees contracted to pay a debt of $250 due by the defendants to the Ladies' Building & Loan Association, which was to have been added to the amount due from appellants to plaintiffs for the construction of the building, and the whole amount credited upon the purchase price of the lots plaintiffs contracted to purchase; that plaintiffs failed and refused to pay said debt of $250; that they paid to plaintiffs the sum of $300 on the contract price of $688 for the construction of the building, leaving a balance of $388 to be credited on the purchase price of the lots. They offered to deed to appellees lots 3, 4 and 5 for the purchase price of $675, and, after the settlement of litigation pending with reference to lots 1 and 2 and the payment by said appellee of the said sum of $250 to the Ladies' Building & Loan Association, to convey to them said lots 1 and 2. Prayer for dissolution of the lien; that defendants, upon tender of deed to lots 3, 4 and 5, have judgment for the sum of $287, the difference between the purchase price of said lots 3, 4 and 5, towit: $675, and the balance due said plaintiffs for the construction of the building, towit, $388, and that defendants have a lien upon said lots for the stated sum of $287 and for costs.

The contract between the parties, although referred to in both, was not made an exhibit to either the complaint or answer and cross complaint, and it and the receipts marked as exhibits were introduced in evidence by agreement of counsel, and read to the jury, as follows:

"Done at Little Rock,

"State of Arkansas.

"This indenture, made this twenty-second day of June, 1908, by and between Ray DeWitt Plunkett, party of the first part, and W. H. Winchester and J. L. Winchester, party of the second part,

"Witnesseth, That the said party of the first part agrees to pay to the party of the second part the following sums of money for the construction of a house on West Third Street, on lot 1, block 7, Plunkett's Second Addition to the city of Little Rock, Arkansas:

| | |
|---|---:|
| For carpenter work | $450.00 |
| For painting | 60.00 |
| For plastering | 60.00 |
| For lathing | 14.00 |
| For foundation | 20.00 |
| For canvassing and papering | 35.00 |
| For digging foundation | 20.00 |
| For flues and brick columns | 25.00 |
| For extra work | 4.00 |
| "Total | $688.00 |

"In addition to the work herein mentioned, said party of the second part assumes and agrees to pay a debt of $250 in the Ladies' Building & Loan Association, which makes the amount:

$688.00
250.00

"Total ..................................... $938.00

"The party of the first part agrees to pay, as the work progresses, the sum of $300 in cash to the party of the second part. It is further agreed and understood that the party of the second part is to buy from James Coates, as trustee, five lots in Plunkett's First Addition and to pay the prices hereinafter mentioned, from

which prices the work hereinbefore mentioned shall be deducted and the remainder to be paid in four equal installments, annually.

Lots 1 and 2, block 4, for the sum of................$450.00

Lots 3, 4 and 5, for the sum of.....................  675.00

Cash to be paid as the work progresses...............  300.00

$1425.00

"Balance.....................................  938.00

"Balance.....................................$487.00

"In favor of the said Ray DeWitt Plunkett, which is to be paid in four equal installments, annually, $121.75 each.

"Witness our hands and seals the day and year first above written.

> "Ray D. Plunkett,
> "W. H. Winchester,
> "J. L. Winchester,
> "R. D. Plunkett, Agent.

"This contract is made in triplicate."

The receipt, marked "Exhibit A" to appellant's answer, and which was considered in evidence at the trial, is as follows:

"EXHIBIT A."

"Little Rock, Ark., Sept. 21, 1908.

"W. A. Winchester and J. L. Winchester, Drs. to Ray D. Plunkett.

1908.

| | | |
|---|---|---|
| July 2. | Cash to bricklayer........................ | $ 2.00 |
| July 2. | Cash by R. D. Plunkett, Agent............. | 45.00 |
| July 4. | Cash to darkey laborer.................... | .75 |
| July 6. | Cash by R. D. P........................... | 20.00 |
| July 11. | Cash by R. D. P........................... | 34.00 |
| July 23. | Cash by R. D. P........................... | 101.00 |
| Aug. 15. | Cash, R. D. P............................. | 20.00 |
| Aug. 15. | Six thousand lathes, per darkey........... | 1.20 |
| Sept. 5. | Cash R. D. P.............................. | 25.00 |
| Sept. 19. | Cash per Ray D. P......................... | 7.50 |

$256.45

6.50

"Total.....................................$262.95

$300.00
 262.95
———————
$37.05   Balance due Winchester Bros.   O. K.  A. A. Winchester, Sept. 23, 1908.   Witness: I. S. Humbert.

(Reverse Side.)

"Little Rock, Ark., Sept. 23, 1908.

"The within statement is correct, and the house is hereby turned over to Ray D. Plunkett, with a balance due Winchester Bros. of $37.05, for which the said Winchester Bros. have accepted a due bill on the said Ray D. Plunkett.   It is further stated that all claims for labor done on the house has been paid.

"Sept. 26, 1908.   This claim of $37.05 has this day been paid by Ray D. Plunkett's check for said amount and the house stands free of any claim whatsoever for labor done, etc., by Winchester Bros., or any one under them.

[Signed by]   "A. A. Winchester,
"W. A. Winchester."

"Witness:   I. S. Humbert."

(Appended to this instrument is a check.)

"Little Rock Trust Co.
"Little Rock, Ark., Sept. 26, 1908.

"Book No. 8701.

"Pay to the order of A. A. Winchester $37.05 (thirty-seven 05-100 dollars.

"O. K. now—9-26-08.                    Ray D. Plunkett.

Indorsed—"A. A. Winchester."

After these instruments were read to the jury, the court upon its own motion, after asking defendants if they desired to amend their answer or stand upon the pleadings, and being advised that they elected to stand on the pleadings, over their objection, instructed the jury to return a verdict in favor of plaintiffs in the sum of $388, which was done, and from the judgment rendered thereon this appeal is prosecuted.

*Manning & Emerson,* and *I. S. Humbert,* for appellants.

*B. D. Brickhouse, Carmichael, Brooks & Powers,* for appellees.

KIRBY, J., (after stating the facts). It is insisted, first, that the court erred in refusing to transfer the case to the chancery court; and, second, in instructing the verdict.

The suit was not brought upon the contract, and no relief was asked under its terms. The complaint stated a cause of action cognizable at law, and the court committed no error in overruling the demurrer. Neither was there error committed in overruling the motion to transfer made upon the filing of the answer, which asked for no equitable relief.

No motion to transfer was made upon the filing of the amended answer and cross complaint, and from the views hereinafter expressed it will be seen that no error was committed by the cause not being transferred upon the court's own motion.

It is contended further that the contract was severable or apportionable, and that appellants had the right to a specific performance of that part of same relating to the conveyance of the three lots about the title of which there was no dispute, since the price on them had been fixed in the contract separately at $675; and this without regard to their refusal and inability to perform the contract and convey the other two lots agreed to be conveyed. The work done for which the suit was brought, the consideration to be paid, was single and entire, and reached to the whole contract, as expressed by its terms, "to pay the prices hereinafter mentioned, from which prices the work hereinbefore mentioned shall be deducted, the remainder to be paid in four equal installments annually." By its terms it must be considered an entire contract. 2 Parsons on Contract, page 676; Ex parte Hodges, 24 Ark. 201; 3 Page on Contracts, 2295.

The complaint alleged the breach of the contract by appellant's refusal, not being able to perform all of it and convey the two lots purchased, the title thereto being held adversely to them by one A. Clinton, and the answer admitted these allegations and their inability to perform the contract. The first substantial breach of it having been committed by appellants, appellees were authorized to regard it at an end and bring suit for the balance due for the construction of the building, which was admitted by the answer to be $388, the amount claimed in the complaint. Haney v. Caldwell, 43 Ark. 193; National Surety Co. v. Long, 79 Ark. 528; Eastern Ark. Hedge Fence Co. v. Tanner, 67 Ark. 156.

It is true, the receipt in evidence shows that there were no liens against the house for work done by others, and the payment of the amounts shown that were by the contract to be applied to certain items, with a balance due appellees of $37.05, and the receipt for this $37.05 does state that "the house stands free of any claim whatsoever for labor done, etc., by Winchester Bros. or any one under them," but this could not be held a waiver by them of the lien given by law for the work done in building the house, there being no consideration for such statement and the labor not having been paid for. "If the labor has been performed or material furnished, no matter in what the owner agreed to pay, if he has not paid in any way, the laborer or mechanic has the right to resort to the security furnished by law, unless the rights of a third person intervene," etc. *McMurray* v. *Brown,* 91 U. S. 257.

It is also true, no denial of the allegations of the answer were made by reply, but the complaint alleged that there was a balance due of $388 for the construction of the building, and that defendants had refused and failed to pay for the same by the conveyance of the lots in accordance with the terms of the contract, and could not do so, being without title, and these allegations were admitted by the answer.

The admitted facts showing plaintiffs entitled to the relief sought, there was no question for the jury, and the verdict was properly directed.

The judgment is affirmed.