BEEBE CONSTRUCTION CORP., APPELLANT, *v.* CIRCLE R CO. ET AL., APPELLEES.

[Cite as Beebe Constr. Corp. v. Circle R Co., 10 Ohio App. 2d 127.]

128

*Mr. James R. Addison,* for appellant.

*Messrs. Boehm & Rance* and *Messrs. Fogle & Gammon,* for appellees.

BROWN, J.  This is an appeal on questions of law from a summary judgment granted to defendants, appellees herein, Putnam Place Investment Company, hereinafter designated as Putnam, and Circle R Company, hereinafter designated as Circle R, and against plaintiff, appellant herein, Beebe Construction Corp., hereinafter designated as plaintiff, upon the second cause of action set forth in the petition, adjudicating and decreeing that the mechanic's lien purportedly perfected by the plaintiff against real estate of Putnam be set aside and declared invalid. Defendant Galbreath Mortgage Company was a party defendant holding a first mortgage lien, but was not a party to this appeal.

Plaintiff filed a petition seeking personal judgment, in the first cause of action, for the sum of $8,412.54, with interest, from the defendant Circle R, the general contractor, on plaintiff's subcontract with Circle R for installation of water and sanitary sewer lines and concrete work, in connection with construction of a multiple-unit apartment project for the defendant Putnam, the owner. The second cause of action sought foreclosure of a mechanic's lien on the premises of defendant Putnam to satisfy the foregoing construction claim for the apartment project built on the premises of the foregoing owner. The plaintiff alleges that the last labor and materials furnished to the general contractor was on January 30, 1966, and that the affidavit for mechanic's lien was recorded on March 29, 1966.

The defendants allege in their joint answer that the last work and materials were furnished by the plaintiff on January 21, 1966, sixty-seven days prior to the recording of the mechanic's

lien on March 29, 1966, and they allege further that the snow removal performed by plaintiff on the construction site on January 30, 1966, was on an oral contract with the owner of the premises, Putnam, on a contract separate and distinct from plaintiff's construction subcontract with the general contractor, defendant Circle R Company. The defendants also allege that plaintiff, on January 18, 1966, executed and delivered to the defendants a written waiver of and release of all liens or rights of lien on the aforementioned premises and that, by reason thereof, the plaintiff had waived its right to a lien on the Putnam real estate. These facts were controverted by the reply of plaintiff to defendants' answer and by the affidavit of Dana Beebe, president of plaintiff corporation, filed to oppose the motion for summary judgment.

Upon consideration of the pleadings and affidavits with exhibits attached, filed incident to the motion for summary judgment, the trial court granted a summary judgment in favor of the defendants as to the second cause of action set forth in the petition seeking foreclosure of plaintiff's mechanic's lien, determination of priorities of lien, sale of real estate, and other incidental relief. The granting of this summary judgment precipitated this appeal.

The plaintiff's second assignment of error claims that the summary judgment granted in favor of defendants was contrary to law for the reason that the pleadings and affidavits, admitted in support of and opposing the motion, show a genuine issue of material facts. This is predicated upon plaintiff's claim that the waiver of such lien executed and delivered by plaintiff to the defendants must be supported by valuable consideration passing from the defendants to the plaintiff, and that there is a genuine issue of material fact that such valuable consideration existed in this case. A determination of this assignment of error is dispositive of this case.

Only three Ohio cases, two common pleas court and one appellate court decisions, have any bearing on the question whether the execution and delivery of a waiver of a mechanic's lien by a claimant to an owner must be supported by valuable consideration flowing to the claimant.

In *Brown-Graves-Vincent Co.* v. *Deutchman* (Court of Appeals, Summit County, 1924), 2 Ohio Law Abs. 780, the court

implied that valuable consideration was necessary to waive the right to a mechanic's lien, as stated in the second paragraph of the headnotes thereof:

"Consideration for waiver of mechanic's lien is sufficient if lienholder derives benefit express or implied."

Valuable consideration to support a written waiver of a mechanic's lien was required in *Connecticut General Life Ins. Co.* v. *Birzer Bldg. Co.* (Court of Appeals, Hamilton County, 1950), 61 Ohio Law Abs. 477, which held, in paragraphs 9, 10, 11 and 12 of the headnotes:

"9. A waiver of a mechanic's lien must be supported by a consideration in order to be effective.

"10. The right to a mechanic's lien is a valuable legal right, the surrender of which by release, or otherwise except estoppel, must be supported by a valuable consideration in order to be effective.

"11. Doing what one is legally bound to do is not a valuable consideration.

"12. A waiver or release of mechanics' liens on mortgaged realty by a provision in the lienor's receipt given for money advanced by construction mortgagee wherein the lienor agreed that their lien rights should be subject and inferior to the mortgage in consideration of payments made before completion of their respective part of improvements on said realty were not binding for want of a valuable consideration as the mortgagee under Section 8321-1, General Code, and under its contract was bound to make the payments for which the receipts were given."

At page 489, in the opinion in the *Birzer case, supra,* the court states its reasoning and criticizes the contrary holding of the earlier Montgomery County Common Pleas Court decision of *Whitmer* v. *Arthur* (1921), 23 N. P. (N. S.) 481, in this language:

"The plaintiff claims that some of the defendants released their rights to mechanics' liens to whatever extent that said liens would prevent the mortgages from being prior liens to the full extent of all payments made by the mortgagee. This claim is based upon the following language in the receipts for monies advanced, Exhibits 14 and 18: 'In consideration of the payments made as hereunder provided under the heading "Amount Received," before the completion of his, its or their respective

part of said improvements, the undersigned covenant that his, its or their respective lien rights against said premises for the amounts that will be due upon the completion of his, its or their respective part of said improvements shall be subject and inferior to your mortgage thereon.'

"The case of *Whitmer* v. *Arthur*, 23 Ohio N. P., N. S., 481, holds: 'The waiver of all right of lien by one who has furnished labor or materials is not open to attack for want of consideration.'

"Neither the facts nor the reasoning in said case supports such a conclusion. The better rule is that stated in 57 C. J. S., Mechanics' Liens, Section 223, page 795: 'waiver of a mechanic's lien must be supported by a consideration in order to be effective.'

"The right to a mechanic's lien is a valuable legal right, the surrender of which by release, or otherwise, except estoppel must be supported by a valuable consideration in order to be effective.

"Doing what one is legally bound to do is not a valuable consideration. The mortgagee under the statute and its contracts was bound to make the payments for which said receipts were given."

The better reasoning and weight of authority supports the rule that a waiver of a mechanic's lien must be supported by consideration to be valid and binding. *Olson* v. *Zarco Industries*, 348 Ill. App. 124, 108 N. E. 2d 32; *McCorkle* v. *Lawson & Co.* (Court of Appeals, Kentucky, 1953), 259 S. W. 2d 27 (citing 57 Corpus Juris Secundum 795, Section 223, and the Ohio case of *Connecticut General Life Ins. Co.* v. *Birzer Bldg. Co.*, 61 Ohio Law Abs. 477); *McLellan* v. *Hamernick* (1962), 264 Minn. 345, 118 N. W. 2d 791; *Plunkett* v. *Winchester* (1911), 98 Ark. 160, 135 S. W. 860; 36 Ohio Jurisprudence 2d 584; 65 A. L. R. 323; 36 American Jurisprudence 132, Mechanics' Liens, Section 200; and 57 Corpus Juris Secundum 795, Section 223.

In *McLellan* v. *Hamernick*, 264 Minn. 345, the court held that a mechanic's lien waiver must be based on consideration, but, on a factual basis which does not exist in the instant case, decided in favor of the owners and against the lien claimants, stating this rule in the syllabus:

"Where laborers or materialmen, in reliance on a con-

tractor's promise to pay them, execute unambiguous lien waivers covering labor or material furnished in the improvement of real estate and the owner of the property improved, in reliance on such waivers, does any act to his detriment and thereafter the contractor fails to make good on his promise to pay, the right to file liens on the property may not be revived.''

The defendants contend that if valuable consideration is required to support a waiver of mechanic's lien it is uncontroverted that valuable consideration for the waiver was given to the plaintiff in the case at bar. Defendants claim that the consideration existed in that the defendant Putnam disbursed funds to the general contractor, Circle R, in reliance by Putnam upon the existence in its files of the lien waiver. Such reliance upon the waiver instrument by the defendant Putnam for disbursement of funds to Circle R is somewhat fictitious and highly illusory in the present situation where Roger N. Bohn, who directed the construction work by plaintiff, was known by plaintiff to be President of Circle R Company as well as a general partner of Putnam. There is nothing in the pleadings or affidavits in support of the motion for summary judgment to sustain this contention that there is no genuine issue as to the claim that valuable consideration was given for the waiver. There is a genuine issue of material fact as to valuable consideration supporting the waiver.

In paying to plaintiff $1,196.73, upon receipt of a waiver of mechanic's lien from the plaintiff, defendant Putnam, so far as appears from the record in this case, was doing only what it was legally bound to do. A waiver of a mechanic's lien in consideration of payments made by an owner or contractor, which he is legally bound to pay to the claimant, does not constitute valuable consideration so as to make the lien waiver effective and binding. *Connecticut General Life Ins. Co.* v. *Birzer Bldg. Co.*, 61 Ohio Law Abs. 477; 36 Ohio Jurisprudence 2d 585, Mechanic's Lien, Section 125.

The pleadings and affidavits incident to the motion for summary judgment also create a genuine issue of material fact as to the last work of plaintiff being performed within 60 days before the recording of the affidavit for mechanic's lien, a genuine issue that the work performed on January 30, 1966, which was within the 60-day period, was not a contract separate from

the original contract between plaintiff as subcontractor and the contractor, Circle R, and a genuine issue that the work performed on January 30, 1966, was for the general contractor, Circle R, and not for the owner, Putnam. Defendants contend that the absence of genuine issues of material facts as to any of these material facts entitled defendants to summary judgment. Since there were genuine issues as to these material facts, the contention of defendants is without merit.

The plaintiff also assigns as error the failure of the trial court, upon request of plaintiff, to state in writing the facts found separately from conclusions of law pursuant to Sections 2315.22 and 2315.221, Revised Code. The plaintiff was not entitled to separate findings pursuant to Section 2315.221, Revised Code, because this section is applicable only when the trial court determines issues of fact after evidence is received upon the trial, or upon consideration of opening statements of counsel, or upon consideration of statements in the pleadings, and thereupon renders judgment or directs a verdict, as is demonstrated from the following wording of the following pertinent part of Section 2315.221, Revised Code:

"When upon the statements in the pleadings, or upon the opening statements of counsel, or upon the evidence received upon the trial, a court renders judgment or directs a verdict, either party, * * * may request the court to state in writing the facts found separately from the conclusions of law. * * *"

Rendition of a summary judgment under the Ohio Summary Judgment Statute, Section 2311.041, Revised Code, involves none of the operations of the trial court described in Section 2315.221, but, instead, is a process only whereby the trial court in granting summary judgment finds that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In granting summary judgment the trial court does not determine any issues of fact, but finds only that there are no issues of material fact; and, not having determined any issues of fact, the trial court obviously cannot be required to find facts separately from conclusions of law.

The foregoing reasoning and conclusion is supported by the fact that the Ohio Summary Judgment Statute, Section 2311.-041, Revised Code, was enacted in 1959 by the Ohio Legislature

to be effective November 9, 1959. However, Section 2315.221, Revised Code, quoted above, was thereafter enacted to be effective on July 19, 1961, and, subsequently, amended effective November 1, 1965. The Legislature had two opportunities after enacting the Ohio Summary Judgment Statute to extend the provisions of Section 2315.221 to the summary judgment remedy and failed to do so. It is thus apparent that the Legislature did not intend to apply the provisions of Section 2315.221, Revised Code, to cases where summary judgment is granted.

Section 2315.22, Revised Code, effective September 30, 1955, which also provides upon request of either party for stating in writing conclusions of fact found separately from the conclusions of law "when the questions of fact are tried by the court," likewise is not applicable to an award of summary judgment. Since the trial court does not determine issues of fact in passing upon a motion for summary judgment, Section 2315.22, Revised Code, which is predicated upon a finding of fact, cannot be extended to the summary judgment remedy.

For the reasons considered above that there are genuine issues of material fact as to valuable consideration for the execution and delivery of the waiver of mechanic's lien by the plaintiff, and as to certain other material facts hereinabove discussed, the summary judgment in favor of the defendants is reversed at defendants' costs, and the cause is remanded to the trial court for further proceedings according to law.

*Judgment reversed.*

GRAY, P. J., and ABELE, J., concur.

BROWN, J., of the Sixth Appellate District, sitting by designation in the Fourth Appellate District.