Jerry SIMS *v.* STATE of Arkansas

CR 85-58                                    695 S.W.2d 376

Supreme Court of Arkansas
Opinion delivered September 9, 1985

*William D. Kelly, Jr.*, and *Edward F. Cochran*, for appellant.

*Steve Clark*, Att'y Gen., by: *Joel O. Huggins*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Jerry Sims was convicted of first degree murder and sentenced to life in prison by a jury for the shooting death of Curtis Cole. None of the alleged errors have merit, and we affirm.

■ Sims first argues that the evidence of his guilt was insufficient. On appeal we view the evidence in a light most favorable to the appellee and if there is substantial evidence to support the conviction, we will affirm. *Ellis* v. *State*, 279 Ark. 430, 652 S.W.2d 35 (1983). The evidence presented by the state was substantial, although the accounts of the incident were conflicting.

■ Early in the evening of the shooting, Cole had asked Sims to stop bothering a woman in Cole's night club in Stamps, Arkansas. After that incident, Sims left. Sims returned later dressed in camouflage clothing. Two witnesses testified that after a verbal exchange between Sims and Cole, Sims fired two shots at Cole. Cole fired some shots as he was falling. Both witnesses agreed that Sims fired first and that once Cole was down, Sims stood over him and fired a shot into Cole's chest. The medical examiner testified that this was the fatal shot. Although two other witnesses said that Cole struck Sims with his gun before the shooting, neither could say who fired the first shot. The jury resolved the conflicting accounts and found Sims guilty. There is

no basis to set aside that finding. *Ellis* v. *State, supra.*

■■ Sims also argues that the evidence was insufficient that he killed Cole with deliberation and premeditation as required by the first degree murder statute. Ark. Stat. Ann. § 41-1502 (Repl. 1977). A witness, who saw Sims between the two incidents that night, testified that Sims said he was going to kill Cole. Another witness testified that Cole and Sims had had differences periodically for some time. In *Walker* v. *State,* 241 Ark. 300, 408 S.W.2d 905 (1966), reh. den., 387 U.S. 926 (1967), we said:

> The necessary elements or deliberation and premeditation in the offense of murder in the first degree may be inferred from the factual circumstances as shown by the evidence, where those circumstances clearly warrant the jury in such an inference or conclusion.

The facts in this case warrant the jury's finding of first degree murder.

■ Finally, Sims contends that the jury should have been instructed that Sims' reasonable belief that Cole was committing or about to commit a battery with force or violence is a defense to the charges against him. The instruction is based on AMCI 4105. The model instruction, which sets out justification for the use of deadly force in self-defense, contemplates two situations: one where the victim is about to commit a felony with force or violence and another where the victim is about to use unlawful deadly physical force. The instruction Sims contends should have been given is based on the first alternative, whereas the instruction that was given is based on the latter. The choice was obviously the correct one since the victim, Cole, had a gun. The instruction given was as follows:

> Jerry Sims asserts as a defense to the charge of Murder 1st degree that deadly physical force was necessary to defend himself. This is a defense only if: First: Jerry Sims reasonably believed that Curtis Cole was using, or was about to use unlawful deadly physical force. And second: Jerry Sims only used such force as he reasonably believed to be necessary.
>
> A person is not justified in using deadly physical force

if he knows that the use of deadly physical force can be avoided with complete safety by retreating.

Jerry Sims, in asserting this defense, is required only to raise a reasonable doubt in your minds. Consequently, if you believe that his defense has been shown to exist, or if the evidence leaves you with a reasonable doubt as to his guilt of murder 1st degree, then you must find him not guilty.

■ However, we do not consider Sims' argument because there is nothing in the record to indicate there was a proper objection or proffer. The offered instruction appears in the record with the pleadings and is marked that it was filed nine days after the trial. The record does not reflect that the trial judge was ever given an opportunity to rule on the instruction. Since the argument was not preserved for appeal, we will not rule on it. *Wilson* v. *State*, 277 Ark. 43, 639 S.W.2d 45 (1982).

■ Under Ark. Stat. Ann. § 43-2725 (Repl. 1977), as put into effect by our Rule 11 (f), we consider all objections brought to our attention in the abstracts and briefs in appeals from a sentence of life imprisonment or death. In this case we find no prejudicial error in the points argued or in the other objections abstracted for review.

Affirmed.

PURTLE, J., not participating.