Johnny BARGER v. Margaret Ann FARRELL

86-26                                                    711 S.W.2d 773

Supreme Court of Arkansas
Opinion delivered June 16, 1986

*Laser, Sharp & Mayes, P.A.*, for appellant.

*Mitchell, Williams, Selig, Jackson & Tucker*, by: *W. Kirby Lockhart*, and *Tracy A. Barger*, for appellee.

STEELE HAYS, Justice. This case concerns a property damage claim arising from an automobile accident between Johnny Barger, appellant, and Margaret Ann Farrell, appellee. Barger admitted fault and while Ms. Farrell's late model BMW was being repaired, he paid the estimated cost of repairs, $5,145.40, and a portion of the cost of a rental vehicle. Later Ms. Farrell filed suit for an additional $4,000 in property damage and for additional loss of use.

The case was tried to a jury and negligence was conceded, thus the only issue was the extent of the plaintiff's damage. Ms. Farrell testified she bought the BMW 318 in May, 1983 for $18,800. The car, she thought, had depreciated about $1,000 during the year she had driven it. She said while the car was being repaired additional damage was discovered, adding $322.87 to

the original estimate. Warden Motors had offered her $8,000 for the car in its wrecked condition. She declined that offer but after the car was repaired she traded it for another BMW, receiving an allowance of $13,390.20.

The only other witness, Mr. Bobby Ray Miller, was a salesman for Warden Motors when Ms. Farrell's car was repaired and traded. He had ten years experience in automobile appraisal. It was he who estimated the repairs to the wrecked vehicle and who sold the second BMW to Ms. Farrell. He appraised her car after being repaired for $13,500. He thought the car had a value of $17,450 before the accident, based on a comparable model Warden had for sale. He said a car that has been damaged does not have the same value as one that has not been wrecked.

When Barger offered no proof, Ms. Farrell moved for a directed verdict in the amount of $5,417.87.[1] The trial court directed a verdict and Barger has appealed. We reverse the judgment.

Appellant Barger relies largely on two rules of law: 1) in testing the propriety of a directed verdict the testimony of a party is not considered since such testimony is controverted as a matter of law (*Little* v. *George Feed and Supply Co.*, 233 Ark. 78, 342 S.W.2d 688 (1961), and 2) the opinion testimony of an expert is entitled only to such weight as a jury elects to give it, even when such testimony is wholly uncontradicted. *Curry* v. *State*, 271 Ark. 913, 611 S.W.2d 745 (1981); *American Bauxite Company* v. *Dunn*, 120 Ark. 1, 178 S.W. 934 (1915).

[1, 2] Appellee Farrell cites us to cases holding that when evidence is wholly undisputed the court should take the issue from the jury, that a directed verdict should be granted where there is no substantial evidence to the contrary. *Paul Hardeman, Inc.* v. *J.I. Hass Company*, 246 Ark. 559, 439 S.W.2d 281 (1969); *Brown* v. *Keaton*, 232 Ark. 12, 334 S.W.2d 676 (1960). While these cases have general application to this case, they do not settle the issue presented. The fact is a party who does not have the burden of proof is not required to produce substantial evidence to

---

[1] Presumably this figure includes $1,089 for loss of use, not an issue in the case.

offset the opposing proof. *Shaeffer* v. *McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985). Only when the proof of one party is so clear, convincing and irrefutable that no other conclusion could be reached by reasonable men should the issue be taken from the jury and decided by the court. We examined this situation in some depth in *Spink* v. *Mourton*, 235 Ark. 919, 362 S.W.2d 665 (1962), and in *Morton* v. *American Medical International, Inc.*, 286 Ark. 88, 689 S.W.2d 535 (1985).

■ Those cases involved issues of negligence. The plaintiffs had offered substantial evidence on the issue of liability and were appealing from a jury verdict for the defendants, who had offered little or no evidence in return. Spinks argued that the trial court erred in refusing a motion for judgment n.o.v., conceding that it was properly denied unless it can be said the trial court should have directed a verdict in favor of the plaintiff. Language quoted in that opinion is especially appropriate to this case:

> Thus, no matter how strong the evidence of a party, who has the burden of establishing negligence and proximate cause as facts, may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially, for a jury to believe otherwise.

■■ The *Morton* case, *supra*, is similar. Mrs. Morton brought suit for injuries sustained in a fall in St. Mary's Hospital in Russellville. She and others testified the floor was very slick, which no witness for the defendant refuted. Mrs. Morton appealed a jury verdict for the defendant on the premise there was no substantial evidence to support the verdict. In affirming, we cited *United States Fire Insurance Co.* v. *Milney Hotels*, 253 F.2d 542 (8th Cir. 1958), quoted above, and *Clark* v. *Abe*, 328 Mo. 81, 40 S.W.2d 558 (1931):

> The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence *even though he should offer no evidence himself.*

> The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached. (Our italics).

There are instances, to be sure, where a directed verdict for a plaintiff is proper. Two examples are *Plunkett* v. *Winchester*, 98 Ark. 160, 135 S.W. 860 (1911) and *Arkansas Real Estate Co., Inc.* v. *Fullterton*, 232 Ark. 713, 339 S.W.2d 947 (1960). But in those cases the defendants admitted facts in the pleadings and proof showing the plaintiffs to be entitled to the relief sought, and there was no question left for the jury to decide.

In this case Barger made no admission except as to negligence and he was entitled to have the amount of the plaintiff's damage decided by the jury. The jury could have disbelieved the plaintiff's proof altogether, or it could have believed it in part and rejected it in part. It could have decided the BMW had depreciated more than the thousand dollars Ms. Farrell "thought" to have occurred during the year she drove it. Or it could have decided that after repairs the car was worth more than the $13,500 ascribed to it by the expert witness, Bobby Miller. His testimony concerning values before and after the collision was, after all, merely his opinion and was not binding on the jury. Those were matters which the defendant had a right to argue to the jury and it was error to deprive him of that opportunity.

Reversed and remanded.