## Michael VICK *v.* Ruth McMURRY

88-140                                              758 S.W.2d 417

### Supreme Court of Arkansas
#### Opinion delivered October 24, 1988

*Nussbaum, Newcomb & Hendrix*, by: *Robert A. Newcomb*, for appellant.

*Huckabay, Munson, Rowlett and Tilley, P.A.*, by: *Beverly A. Rowlett*, for appellee.

ROBERT H. DUDLEY, Justice. This tort case arises out of an automobile collision. The jury returned a general verdict for the defendant, appellee. We affirm.

If there is a noteworthy rule in this opinion, it is that a trial attorney should make his motions on the record because we will not reverse a trial judge on the basis of something outside the record. *Harvey* v. *Castleberry*, 258 Ark. 722, 529 S.W.2d 324

(1975).

The appellant's primary complaint is that the trial court erred in denying his motion in limine. The appellant may have made a motion to limit testimony at the beginning of the trial, as he argues, but it is not shown in the record. The record does reflect that a bench conference was held at the beginning of the trial, but the conference itself was not made of record. The only record about a motion in limine is that after the jury had retired to decide the case, the appellant's attorney requested that the record be made to show that during the examination of appellee's last witness, the appellant moved that the witness be limited in answering questions about whether he was represented by the Nussbaum Law Firm. That is all we have. The short answer to the appellant's argument is that the witness was not asked, and did not respond, about the Nussbaum Law Firm representing him.

Appellant's second point of appeal concerns an instruction. Again, there is no record of the instruction conference. The record only shows that after the jury had retired, the appellant asked that the record should be made to reflect that he had objected to the comparative fault instruction. We see no error in giving the comparative fault instruction, but even if we did, we recognize that some type of fault instruction had to be given, and we have no idea what the appellant requested. It may well have been for a directed verdict for the plaintiff, which we do not allow in this type of case. *Barger* v. *Farrell*, 289 Ark. 252, 711 S.W.2d 773 (1986).

Affirmed.

GLAZE, J., concurs.