Marilyn FULLER, Administratrix of the Estate of Gary Don Jones, Deceased, and Ernest M. Jones, Deceased *v.* David Manuel JOHNSON and Carmen Johnson

89-66                                          781 S.W.2d 463

Supreme Court of Arkansas
Opinion delivered December 18, 1989
[Supplemental Opinion on Denial of Rehearing
February 20, 1990.]

16

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellant.

*McDaniel & Wells, P.A.*, by: *Bobby McDaniel* and *John Barttlet*, for appellees.

JACK HOLT, JR., Chief Justice. On May 6, 1986, the vehicle driven by Earnest M. Jones struck the rear of the vehicle driven by Manuel Johnson. Johnson was stopped to make a left turn and had his left turn signal on. The weather was clear, the road was dry, and the collision occurred during daylight. Johnson suffered back and neck injuries for which he and his wife sued to recover damages. The trial court directed a verdict in favor of Johnson on the issue of Jones' liability, and the jury awarded $50,000.00 to Johnson and $13,000.00 to his wife. Jones died of illness prior to trial, and the administratix of his estate appeals the judgment on three points of error. We reverse and remand to the trial court.

## I. DIRECTED VERDICT

Jones contends that the trial court erred in directing a verdict in favor of Johnson as to Jones' liability. We agree and rely on *Spink* v. *Mourton*, 235 Ark. 919, 362 S.W.2d 665 (1962), to reverse and remand to the trial court.

■ We have held that in determining on appeal the correctness of the trial court's action in directing a verdict for either party, evidence is viewed most favorably to the party against whom the verdict is directed; where there is any evidence tending to establish an issue in favor of the party against whom the verdict is directed, it is error to take the case from the jury. *Hardeman* v. *Hass Co.*, 246 Ark. 559, 439 S.W.2d 281 (1969) (citing *Barrentine* v. *The Henry Wrape Co.*, 120 Ark. 206, 179 S.W. 328 (1915)). The term "any evidence" has long been recognized to mean "evidence legally sufficient to warrant a verdict," *Hardeman, supra* (citing *Catlett* v. *Railway Co.*, 57 Ark. 461, 21 S.W. 1061 (1893)), and to be legally sufficient it must be substantial; substantiality is a question of law. *Hardeman, supra* (citing *St. Louis S.W. Ry. Co.* v. *Braswell*, 198 Ark. 143, 127 S.W.2d 637 (1939)).

■ Our position on a directed verdict as to negligence has been in place for some time. We held in *Spink, supra*, that no matter how strong the evidence of a party who has the burden of establishing negligence and proximate cause as facts may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially, for a jury to believe otherwise.

■ More recently, we affirmed this position in *Barger* v. *Farrell*, 289 Ark. 252, 711 S.W.2d 773 (1986), when we stated that where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence. *Barger, supra* (citing *Clark* v. *Abe*, 328 Mo. 81, 40 S.W.2d 558 (1931)).

In this case, the burden was on Johnson, not on Jones, to prove the case stated in the petition. Johnson must show that he sustained an injury, that Jones was negligent, and that Jones' negligence was the proximate cause of his injuries. *Schaeffer* v. *McGhee*, 286 Ark. 113, 689 S.W.2d 537 (1985) (citing AMI 203). Also, the fact that Jones' vehicle struck Johnson's vehicle does not create a presumption of negligence. *Schaeffer, supra* (citing *St. Louis-San Francisco Ry. Co.* v. *Ward*, 197 Ark. 520,

124 S.W.2d 975 (1939)).

■ Furthermore, a verdict upon issues of fact should not be directed in favor of the party having the burden of proof unless such fact is admitted, or is established by undisputed testimony of disinterested witnesses from which different minds cannot reasonably draw different conclusions. *Spink, supra* (citing *Woodmen of the World Life Ins. Soc.* v. *Reese*, 206 Ark. 530, 176 S.W.2d 708 (1944)). The jury is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence is uncontradicted and unimpeached. *Barger, supra* (citing *Clark, supra*).

■ Although Jones had died of illness prior to the trial of this case, he specifically denied, through his pleadings, Johnson's allegations as to the circumstances surrounding the collision of their vehicles contained in Johnson's complaint. At trial, Johnson and the investigating police officer testified; consequently, Jones was entitled to have the jury pass upon the credibility of this evidence. Applying the principles of *Spink* and *Barger*, we must reverse and remand.

## II. VOIR DIRE ON INSURANCE

Jones next contends that the trial court erred in allowing Johnson to voir dire prospective jurors as to whether they believed jury verdicts affected their insurance premiums. It is well settled Arkansas law that if a party's counsel acts in good faith, he may, in one form or another, question prospective jurors during the voir dire with respect to their interest in, or connection with, liability insurance companies. *Dedmon* v. *Thalheimer*, 226 Ark. 402, 290 S.W.2d 16 (1956).

In *Dedmon*, the trial court's ruling to prohibit plaintiff's counsel from questioning the jury panel with respect to insurance was reversed. The proposed question at issue was:

Have you ever been in the employ of any liability insurance company, or do you own any stock in any liability insurance company at the present time, or are you insured with any mutual benefit liability company where your premiums are determined upon the size of judgments given in

personal injury actions for the previous year?

*Id.* at 403, 290 S.W.2d at 16.

Our rationale and standard for allowing this question was succinctly stated:

> In cases where the defendant is covered by liability insurance, the plaintiff might want to excuse any one that he suspects may be either biased or prejudiced where insurance is involved; and he would have a perfect right to exercise a peremptory challenge for that reason, if he so desired. The test of whether counsel may ask questions of veniremen in regard to insurance is whether the questions are propounded in good faith. If counsel, in good faith, thinks that liability insurance is involved, then he may ask questions calculated to bring to light any bias or prejudice a venireman may have for or against insurance companies.

*Id.* at 403-04, 290 S.W.2d at 17.

In *King* v. *Westlake*, 264 Ark. 555, 572 S.W.2d 841 (1978), we considered as proper the following questions asked by plaintiff's counsel:

> Q  It is improper for either side to imply or suggest that the defendant does or does not have insurance, and the questions I will now direct to you have nothing to do with whether or not the defendant has insurance. The questions I will ask concern your insurance premiums, not insurance in this case. How many of you believe that jury verdicts affect insurance premiums?

> Q  Your insurance premiums may not be affected greatly one way or the other, but will not the verdicts that you render have some effect on your insurance rates?

> Q  The question I have been building up to is this: Assuming that the verdict you render could cost you a little more or a little less money on your insurance premium, can you listen to the testimony, the statements of counsel, and the instructions and then put aside the financial interest you have in this case because of your insurance premiums and render a verdict?

*Id.* at 559-60, 572 S.W.2d at 844.

Prior to these questions, a foundation had been laid by showing that for some time preceding the trial date a number of liability insurance companies had run advertisements in nationally published periodicals with the purpose of informing jurors in general that they were affected by the verdicts they rendered in that such verdicts resulted in increased premiums.

■ In this case, Johnson's counsel, without laying any foundation, read the questions in issue directly from *King.* This was wrong and contrary to our holding in *King.* Questions of this nature must be supported by a proper foundation.

### III. POLICE OFFICER'S TESTIMONY

Jones also alleges that the trial court erred in allowing the investigating police officer, who was not an eyewitness to the accident, to testify that a contributing factor to the accident was that Jones was "following too close."

■ Jones did not object to this statement at the time of trial, and we will not consider this point for the first time on appeal. *Bonds* v. *State*, 296 Ark. 1, 751 S.W.2d 339 (1988).

As a result, we reverse and remand to the trial court in accordance with this opinion.

SUPPLEMENTAL OPINION ON DENIAL OF REHEARING
FEBRUARY 20, 1990

784 S.W.2d 165

*Matthews, Sanders, Liles & Sayes*, by: *Marci Talbot Liles*, for appellants.

*Bobby McDaniel*, for appellees.

JACK HOLT, JR., Chief Justice. The appellees (Johnsons) request a rehearing for two reasons: 1) that the standard for a directed verdict has been changed by this opinion, and 2) that this court erred in finding that the Johnsons conducted an improper voir dire by holding that *King* v. *Westlake*, 264 Ark. 555, 572 S.W.2d 841 (1978), required them to establish an evidentiary foundation before asking the questions in issue concerning insurance.

The Johnsons initially contend that our decision essentially abolishes directed verdicts in favor of a plaintiff in negligence cases by holding that so long as a defendant files an answer denying liability, a directed verdict is not appropriate even though no evidence is presented by the defendant.

In our majority opinion, we relied on *Spink* v. *Mourton*, 235 Ark. 919, 362 S.W.2d 665 (1962), and found that the trial court erred in directing a verdict in favor of the Johnsons as to Jones's liability. The Johnsons point to the rule in *Spink* and proceed to suggest that we did not follow it. That test is as follows:

> A verdict upon an issue of fact should not be directed in favor of the party who has the burden of proof with respect thereto, *unless* such fact is *admitted, or* is *established by the undisputed testimony of one or more disinterested*

*witnesses* and different minds cannot reasonably draw different conclusions from such testimony.

(Emphasis added.)

To the contrary, we followed the dictates of *Spink* and its progeny. Granted, we did not embellish on the evidentiary aspects of the case, perhaps giving the appearance that we ignored the testimony and merely relied on the fact that Jones filed an answer that contained a denial of the circumstances surrounding the collision as pleaded in Johnson's complaint.

Such is not the case. In our opinion, we did not mention that the officer, whom Johnson described as a disinterested witness, was not an eyewitness to the accident. Nor did we note that the officer's claim that Jones had been "following too close" was in conflict with Johnson's own testimony. Johnson testified that he had looked in his rearview mirror and had seen an eighteen-wheeler in the outside lane, but that he never saw Jones's car. However, all of these facts were considered in passing judgment.

Additionally, the officer's testimony, concerning Jones's remarks about failing to get over far enough, was far from an admission of negligence by Jones. Unquestionably, by Johnson's own testimony, an eighteen-wheeler was present at the scene immediately before the time of the accident and, had this matter been sent to the jury, the jury may well have surmised that the eighteen-wheeler may have contributed to the accident. In any event, the officer was not an eyewitness to the accident, nor did his testimony establish negligence on Jones's behalf as a matter of law.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence and is proper only when no issue of fact exists. *Boren* v. *State*, 297 Ark. 220, 761 S.W.2d 885 (1988).

■ In this case, there is evidence of record upon which a rational jury could "reasonably" draw different conclusions from the testimony of the various witnesses and, for this reason, the matter should have been submitted to a jury.

The Johnsons also argue that this court erred in finding that their voir dire, concerning the effect of jury verdicts upon insurance premiums, was not proper since it was not supported by

a proper foundation.

We resolved this point of error against the Johnsons and clearly stated that:

> In this case, Johnson's counsel, without laying any foundation, read the questions in issue directly from *King*. This was wrong and contrary to our holding in *King*. Questions of this nature must be supported by a proper foundation.

The Johnsons' concerns are repetitive of their original argument on appeal, and we have held that such repetition is an inappropriate subject for a petition for rehearing. *Butler Mfg. Co.* v. *Hughes*, 292 Ark. 198, 729 S.W.2d 142 (1987).

The petition for rehearing is denied.