Odessa YOUNG *v.* Larry JOHNSON

92-691 845 S.W.2d 509

Supreme Court of Arkansas
Opinion delivered January 19, 1993

*Gary Eubanks & Associates,* by: *James Gerard Schulze* and *Hugh F. Spinks,* for appellant.

*Thompson, Hendrix, Harvey, Johnson & Mitchell,* by: *Michael G. McLaren, L. Mitchell Glasgow,* and *Roderick Runnells,* for appellee.

ROBERT L. BROWN, Justice. Appellant Odessa Young raises as her sole issue on appeal that the circuit court erred in submitting the issue of her alleged contributory negligence to the jury because there was no evidence of her negligence presented at trial. We agree that prejudicial error was committed, and we reverse the judgment and remand the matter for a new trial.

On February 13, 1989, Odessa Young was driving her 1982 Lincoln Town Car south on Ferris Mountain Road, a single-lane road near Fordyce in Dallas County. It had been raining, and there were puddles on the road. The time was about 9:40 p.m. A friend, John Allen, was a passenger in her car. At the same time, Larry Johnson was driving a U-haul truck north on the same road. Shortly after Young rounded a curve in the road, she and Johnson collided. Johnson described the accident in these terms:

> Well, I turned in and like they said it had been raining, and was real muddy and slushy and I never recognized the headlights on their car. As I approached the curve, right before I approached the curve I was smoking a cigarette. I had just lit the cigarette and I dropped it and looked down to pick the cigarette up and bang, I had run into them folks car.

Young sustained back and neck injuries and was taken to the Dallas County Hospital where she remained for four days. Allen was also taken to that hospital where he was treated for injuries to his right knee and hip. Young's car burned and was a total loss.

Young and Allen subsequently filed a negligence action against Johnson, and Johnson alleged contributory negligence on the part of Young. The case was tried before a jury. Young testified that he medical bills came to $13,279.69. She further testified that her car was worth about $8,000 before the accident and was a total loss.

Kyle Smith, who was then employed by the Dallas County Sheriff's Department, testified for Young and Allen that he prepared the accident report. He stated that Young's car was damaged on the left front side and that the left front bumper of Johnson's truck was also damaged. He further testified that Ferris Mountain Road is a one-lane road but is wide enough for two vehicles.

John Allen testified that he and Young were traveling down the hill when they collided with Johnson's truck. He said that when Young saw the headlights from Johnson's truck, she slowed down and pulled over to the right side of the road as far as she could. Allen stated they were in a ditch when Johnson hit them.

Young testified that when she saw Johnson's lights in the

distance, she slowed down and got to her side of the road. She said that she was on her side of the road when Johnson hit her. She stated that the cause of the accident was Johnson's driving on her side of the road.

Larry Johnson testified, as quoted above, that he was looking for a cigarette which he had dropped when he hit Young's car. He said that he did not see Young's car until he hit it.

After Johnson testified, Young and Allen moved for a directed verdict on the issue of Young's contributory negligence. They argued that there was no proof that Young had been negligent; therefore, there was no issue of her negligence to submit to the jury. The defense countered that there was some proof that Young was negligent because she testified that she saw Johnson's headlights when he was some distance away. The circuit court conceded that proof of negligence on Young's part was "very slim" but nevertheless denied plaintiffs' motion for directed verdict.

The circuit court then instructed the jury on the law and included AMI 206 to the effect that the defendant Johnson was contending that the plaintiff Young was negligent, and he had the burden of proof on this point. The court also gave AMI 305 on the duty of both parties to exercise ordinary care and AMI 2109 on the comparative negligence of the parties. Closing arguments ensued, and after the jury retired to reach its verdict, counsel for Young and Allen made a record on their objections to the three AMI instructions on grounds that the instructions submitted the issue of Young's contributory negligence to the jury. The circuit court overruled the objection and stated that there was "some evidence, however small, of the negligence of Ms. Young" for the jury to consider.

The jury returned a general verdict in favor of Young and Allen, awarding Young $7,500.00 and Allen $1,000.00, although Allen had only claimed $600 in medical expenses. Young then filed a motion for a new trial, contending that it was error to instruct the jury on her contributory negligence and that the award of $7,500.00 was contrary to the preponderance of the evidence. The motion for a new trial was not ruled on within thirty days of filing, and, accordingly, was deemed denied. Young filed a timely notice of appeal from both the judgment and the denial of

her motion for a new trial.

 Odessa Young's primary argument on appeal is that the circuit court erred in not directing a verdict in her favor regarding her negligence. She also alludes to the court's instructions relating to her negligence and the claimed prejudice that resulted. Young, however, did not object to the instructions given until after the jury had retired. Objections to instructions must be made either before or at the time the jury instructions are given. *Parker* v. *State*, 302 Ark. 509, 790 S.W.2d 894 (1990). Waiting to object until after the jury has been instructed on the law and has retired is untimely, for it gives the circuit court no opportunity to react to the instructions at issue or to amend them. *See Sims* v. *State*, 286 Ark. 476, 695 S.W.2d 376 (1985). Because the objections were untimely, we will not consider the disputed instructions. Young's failure to object to the comparative fault instructions, however, is not essential for our consideration of the court's denial of her motion for directed verdict.

 In general, we have been extremely reluctant to affirm a directed verdict on behalf of the plaintiff. On two occasions, we have quoted with approval the following statement from the Eighth Circuit Court of Appeals which describes our rationale against directing verdicts in the plaintiff's favor:

> Thus, no matter how strong the evidence of a party, who has the burden of establishing negligence and proximate cause as facts, may comparatively seem to be, he is not entitled to have those facts declared to have reality as a matter of law, unless there is utterly no rational basis in the situation, testimonially, circumstantially, or inferentially, for a jury to believe otherwise.

*United States Fire Ins. Co.* v. *Milner Hotels*, 253 F.2d 542, 547 (8th Cir. 1958); *quoted with approval Morton* v. *American Med. Int'l, Inc.*, 286 Ark. 88, 90, 689 S.W.2d 535, 537 (1985); *Spink* v. *Mourton*, 235 Ark. 919, 922, 362 S.W.2d 665, 667 (1962). Thus, we are loath to direct a verdict in favor of the party who has the burden of proof because the jury may disbelieve the credibility of such proof.

 Here, however, that is not the case. With respect to Young's negligence, the defendant Johnson had the burden of

proof. *See* AMI 206; *see also Hill Constr. Co.* v. *Bragg*, 291 Ark. 382, 725 S.W.2d 538 (1987). If he did not satisfy the burden, a directed verdict in favor of Young was appropriate. *See Kinco, Inc.* v. *Schueck*, 283 Ark. 72, 671 S.W.2d 178 (1984). In *Kinco*, we stated the test for a trial court's ruling on a motion for directed verdict:

> The test for the trial court in ruling on a motion for a directed verdict by either party is to take that view of the evidence that is most favorable to the non-moving party and give it its highest probative value, taking into account all reasonable inferences deducible from it; after viewing the evidence in this manner, the trial court should: (1) grant the motion only if the evidence is so insubstantial as to require that a jury verdict for the non-moving party be set aside, or (2) deny the motion if there is substantial evidence to support a jury verdict for the non-moving party. *Farm Bur. Mut. Ins. Co.* v. *Henley*, 275 Ark. 122, 628 S.W.2d 301 (1982). Substantial evidence is that which is of sufficient force and character that it will compel a conclusion one way or another. It must force or induce the mind to pass beyond a suspicion or conjecture. *Id.*

291 Ark. at 283, 671 S.W.2d at 180-181; *see also Williams* v. *Smart Chevrolet Co.*, 292 Ark. 376, 730 S.W.2d 479 (1987).

In the case before us, the circuit court denied Young's motion for directed verdict. Under the test cited in *Kinco*, we first view the evidence of Young's negligence, if any, and give it its highest probative value. The question then becomes: was there substantial evidence of Young's negligence to support denial of the motion? or, alternatively, should the court have granted the motion because of the insubstantial evidence? We conclude that the circuit court was in error and that the motion should have been granted.

Johnson did not see Young's vehicle. He had dropped a cigarette, and when he looked up, he crashed into Young's car. Allen and Young testified that when she saw Johnson's headlights, she slowed down and moved as far to the right as possible. Allen said that Young was in the ditch when Johnson hit her. Investigator Kyle Smith testified that the left front side of Young's car was damaged and the left front bumper of Johnson's

truck had been hit, which supports the testimony that Young's car had pulled over to the right.

Johnson argues that there was evidence that enabled the jury to make the determination it did because of photographs of the road referred to by investigator Kyle Smith. But unlike the situation in *East Texas Motor Freight Lines, Inc.* v. *Dennis*, 214 Ark. 87, 215 S.W.2d 145 (1948), where truck tracks crossing the center line were the issue, there is no hint from Smith's presentation that the photographs supported Young's negligence.

In sum, the evidence indicates that Young took reasonable precautions by pulling over to the right when she saw Johnson's headlights. The jury, of course, was free to disbelieve the testimony of Young and Allen. But even giving the remaining evidence presented, such as Larry Johnson's testimony, its highest probative value, there is nothing to suggest Young's negligence. We hold that any conclusion that Young was negligent under these facts is highly speculative and conjectural and, thus, not substantial. *See Williams* v. *Smart, supra*; *Kinco, Inc.* v. *Schueck Steel, Inc., supra.*

■ The circuit court, therefore, erred in not directing the jury to enter a verdict for Young on the issue of her negligence. Our holding, though, does not equate to a directed verdict in favor of Young on the issue of Johnson's negligence. For Young to prevail, it was still essential for her to present her case on Johnson's fault to the jury for its consideration, and the jury was then free to believe or disbelieve the proof presented. Conceivably, based on that proof the jury could have 1) found Johnson negligent and awarded Young damages; 2) found Johnson negligent and refused Young a damage award; or 3) found Johnson not negligent and entered a defendant's verdict.

■ It could reasonably be contended that though the circuit court might have erred in refusing to direct a verdict on Young's negligence, this error was cured by the jury's verdict for Young. We cannot say, though, that the court's refusal to take Young's negligence from the jury did not have a prejudicial impact on the damages awarded to her. *Cf. Little Rock Elec. Contrs., Inc.* v. *Okonite Co.*, 294 Ark. 399, 744 S.W.2d 381 (1988). In *Okonite*, a general verdict was returned, and we could not determine whether the error in giving a comparative fault

instruction was harmless. As in *Okonite*, here the jury returned a general verdict. From the verdict form, we cannot say that the failure to direct a verdict on Young's negligence was harmless.

We, accordingly, hold that the circuit court erred in not granting a directed verdict in favor of Young on the issue of her negligence, and we remand for a new trial.

Reversed and remanded.

HAYS, GLAZE, and CORBIN, JJ., dissent.

TOM GLAZE, Justice, dissenting. Plaintiff-appellant obtained a general jury verdict in the amount of $7,500, but she moved for a new trial on grounds that (1) there was no evidence of negligence on her part and (2) the jury assessed too small a recovery. After plaintiff's motion was deemed denied, she filed this appeal where she argues the trial court erred in submitting the question of her comparative negligence to the jury.

On appeal, plaintiff does not argue the motion for new trial. Instead, she argues that the defendant failed to present substantial evidence to support his defense below that plaintiff was at fault, and as a consequence, the trial court erred in overruling plaintiff's motion for directed verdict and in instructing the jury on plaintiff's comparative negligence. She suggests this error caused the jury to reduce her award to the $7,500 verdict.

As the majority court points out, the defendant raised the defense that the plaintiff was negligent, and he had the burden of proof on this issue. The trial judge ruled the defendant met his burden.

The following evidence was presented at trial. Both parties were driving their vehicles at night on a one-lane road, each traveling from opposite directions. The parties were negotiating a curve when the collision occurred. Plaintiff said that she had seen defendant's headlights from a distance before entering the curve, and had slowed down. The defendant said that, because he had dropped a cigarette and had taken a "split second" to look down to pick it up, he saw plaintiff's car lights only when his U-Haul truck hit plaintiff's four-door Lincoln Town Car. Damage appeared on the left front of both vehicles. Plaintiff and her passenger testified plaintiff had pulled her car to the right into a ditch so as to avoid

the defendant's truck. The investigating officer said that the road was wide enough for both vehicles to pass each other at that point in the road. He also testified that there was no evidence the defendant had been speeding or driving "wild."

In requesting a directed verdict, plaintiff argued there was no proof that she had been negligent. Defendant countered by saying plaintiff admitted having seen defendant's lights in the distance. Based on this fact combined with the investigating officer's testimony, the trial judge denied plaintiff's directed verdict motion. The trial judge ruled that the jury could find that plaintiff may not have had proper control of her car or was not abiding by the rules of the road at the time of the accident.

We pointed out in *Barger v. Farrell*, 289 Ark. 252, 711 S.W.2d 773 (1986), how rare and difficult it is before a verdict can be directed in a plaintiff's behalf. In fact, my research reveals no cases involving claims of negligence where a plaintiff's request for directed verdict has been sustained. The *Barger* court did cite two examples where a plaintiff's directed verdict was upheld, *Plunkett v. Winchester*, 98 Ark. 160, 135 S.W. 860 (1911), and *Arkansas Real Estate Co., Inc. v. Fullerton*, 232 Ark. 713, 339 S.W.2d 947 (1960), but in these cases, the defendants admitted facts in their pleadings and proof showing the plaintiffs to be entitled to the relief sought, and there was no question left for the jury to decide. Here, such is not the case. In fact, plaintiff's case was fully contested and, after hearing all the evidence, the trial court concluded plaintiff's motion for directed verdict should be denied.

A recent example where this court reversed the granting of a directed verdict in the plaintiff's behalf was in *Fuller v. Johnson*, 301 Ark. 14, 781 S.W.2d 463 (1989). There, the defendant died prior to trial, and no evidence was offered in his behalf. However, the defendant had filed an answer denying the plaintiff's allegations of negligence. In reversing the trial court's directed verdict for plaintiff, we held that, where the allegations of the [plaintiff's] petition are denied by the answer and the plaintiff offers oral evidence tending to support those allegations, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence.

Because plaintiff here sought a directed verdict, part of the

formula for our review is the rule that, only when the proof is so clear, convincing and irrefutable that no other conclusion can be reached by reasonable men should the issue be taken from the jury and decided by the court. *Spink* v. *Mourton,* 235 Ark. 919, 362 S.W.2d 665 (1962). In *Barger,* this court said the following when explaining why it affirmed the trial court's rejection of the plaintiff's motion for directed verdict:

> The burden was not on the defendant, but was on the plaintiff to make out the case stated in his petition. In a case where the allegations of the petition are denied by the answer, and the plaintiff offers oral evidence tending to support the allegations of the petition, the defendant is entitled to have the jury pass upon the credibility of such evidence even though he should offer no evidence himself. The court has no right to tell the jury that it must believe the witnesses. The jury, in the first instance, is the sole judge of the credibility of the witnesses and of the weight and value of their evidence, and may believe or disbelieve the testimony of any one or all of the witnesses, though such evidence be uncontradicted and unimpeached. 289 Ark. at 255-56, 711 S.W.2d at 775.

Here, the jury could have believed or disbelieved all or any part of the evidence each party presented. *See also Weber* v. *Bailey,* 302 Ark. 175, 787 S.W.2d 690. In view of the above facts and law, I am of the opinion the trial court correctly denied plaintiff's directed verdict.

HAYS and CORBIN, JJ., join this dissent.