LITTLE ROCK AND FORT SMITH RAILWAY COMPANY v. HENSON.

1. NEGLIGENCE: *Presumed from killing of stock by railroads: How rebutted.*
   When stock is killed or injured by being run over by a railroad train or engine, the statutory presumption is that the injury results from the want of due care and skill, or diligence on the part of the company's agents or employes; but this presumption may be rebutted by proof that the company did exercise due care, or skill and diligence, to prevent the injury. A railroad company owes no duty to the owner of stock which strays upon its track, except to use ordinary or reasonable care at the time, to avoid injuring them.

2. PRACTICE IN CIRCUIT COURT: *Directing verdict of jury: New trial.*
The Circuit Court has no power to determine the facts of a case and direct
the verdict for either party, even though if returned for the opposite
party, it would set it aside as against evidence. The only remedy in such
cases is to promptly set aside verdicts that are unwarranted by evi-
dence.

APPEAL from *Pope* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Clark & Williams*, for appellant:

1. The evidence plainly showed that there was *no negli-
gence* on the part of appellant's employés, but that every-
thing in their power was done to avoid the injury, and the
court should have instructed the jury to find for the de-
fendant. The first instruction for plaintiff was erroneous.
Reviews *R. R. v. Duffie, 35 Ark., 602; R. R. v. Barker, 33
ib., 350; R. R. v. Payne, ib., 816,* and cites *R. R. v. Talbot,
13 Cent. Law Jour., p. 10.*

2. The second instruction for plaintiff was erroneous; it
involves the admission that there was evidence to sustain
a verdict, and there was none. Every appliance and
means reasonably within reach was used to stop the train,
and the question whether a given train could be or was
stopped in any given distance was immaterial, etc. See
*Buford v. M. C. R. Co., 48 Miss., 233; 3 Bush. (Ky.), 149;
26 Tex., 604; 8 Nev., 110; 4 Jones' Law. (N. C.), 432; 11
Ohio St., 333; 87 Ill., 109; 2 Thomp. Neg., 496, 506 and
cases, note 9, last page.*

After it was shown that the train men did all that could
be done, after the stock was known to be in danger, there
was no case for a jury. *31 Ill., 303; 37 Cal., 410; 4 Iowa,
47; 75 Ill., 578; 7 Phila., 249; 58 Ind., 572; 1 Thomp. Neg.,
p. 506; R. Co. v. Stout, 17 Wall., 657.*

In every civil case, where negligence is the issue, it is the duty of the court, when the evidence is all in, to sift it and determine as a matter of law, whether it involves negligence or not; and if not, or if the weight of evidence be so great as to shock our sense of justice, the *court should not permit a verdict.*  *Martin v. Van Horne, 5 Ark., 72; 14 Am., 706–707.*  See, also, *Wm. Schiven v. N. Y. C. & H. R. Co., S. C., N. Y., Jan., 1881, 6 Railway Age, 359; C., M. & St. P. R. v. Wood, S. C. Wisc., Feb. 8, 1881, ib. 159; R. Co. v. Talbot, Ky. Ct. App., 13 Cent. L. J., 10; Com. v. Huines, ib., 12; P. & R. R. Co. v. Shutte, S. C., Penn., May, 1881; 6 Railway Age, 523; Smith v. Atchison, S. C., Kans., 13 Cent. L. J., 118; Pakalinsky v. N. Y. C. & H. R. Co., 82 N. Y., 424.*

SMITH, J.   This was an action against a railway company for damage to live stock by the negligent operation of one of its trains.   The plaintiff's witness proved the killing and wounding of the animals, but not the circumstances thereof.

Under the act of February 3, 1875, this made a *prima facie* case that the injuries were caused by the train and devolved upon the company the burden of showing affirmatively that reasonable care had been exercised.   *L. R. & Ft. S. Ry. v. Payne, 33 Ark., 816; M. & L. R. R. R. Co. v. Jones, 36 ib., 87; St. L., I. M. & S. Ry. Co. v. Vincent, 36 ib., 451.*

The company, to rebut the presumption of negligence, proved that the accident happened on a dark and foggy night, when it was impossible to distinguish stock except at a very short distance from the engine.   The train, composed of nineteen heavily freighted cars with a caboose and coach, was proceeding on its way down a descending grade at its regular speed of fourteen to seventeen miles an hour.

1.  NEGLI-
GENCE:

Railroad
killing
stock. Presumption.
Rebuttal.

The locomotive was furnished with a bright headlight and all hands were, as it seems, at their posts and on the alert. The stock appeared on the side of the track, about thirty feet from the engine. The engineer instantly whistled down brakes, reversed his engine, giving it steam, and sanded the track. The brakemen sprang to the brakes and screwed them down. But such was the momentum acquired by the train, on the down grade, that it was found impossible to stop it before it had struck the horses, whose escape was prevented by a culvert. The engineer and conductor both testified that everything that was possible was done to avert the accident after the stock were discovered near the track, and that no human power could have stopped the train sooner.

This being all the evidence, the plaintiff asked the court to give the following instructions to the jury:

1.  If the jury find from the evidence that the plaintiff was the owner of the stock mentioned in the complaint, and that it was killed or injured by the defendant company by being run over or against by defendant's engine or cars, the presumption is that the *killing or wounding resulted from the want of due care and skill, or diligence, on the part of the defendant's agents or employés;* but this presumption may be rebutted by proof that the defendant did exercise due care and skill, or diligence, to prevent the killing and injury.

2.  If the jury find from the evidence that the plaintiff was the owner of the stock mentioned in the complaint, and that a part of said stock was killed and a part of it was wounded by the negligence or carelessness of the agents and employés of the defendant company, or that such injury resulted from a failure on the part of defendant's agents or employés to exercise due care and diligence, they will find for the plaintiff and assess his dam-

ages at whatever sum he may have actually sustained, as shown by the proof, not exceeding the sum of $155.

3. The distance the train was run after the stock was discovered on the track, before it stopped, is immaterial; only it is a circumstance to be considered in connection with all the other proof, in the sense whether proper exertion, care and diligence were used to stop the same, and it was the duty of the engineer and train men to be at their proper stations and to check the train and avoid the injury, if it could have been done by the exercise of due care and skill, or diligence, on the part of defendant's agents or employés, or some of those in charge of the train ; but if the injury could not have been avoided by due care and skill, or diligence, by the train men, after the stock was discovered, the jury will find for the defendant.

To these instructions the defendant objected, because there was no evidence on which to base them, and because they were abstract and misleading. The objections were overruled, and the instructions were given.

The court then gave the second of the following instructions for the defendant, and refused the first, to wit :

1. The issue to be tried in this case is not whether the train was or could be stopped within any given distance, but whether the company's agents, upon and in control of the train, made such efforts, resorted to such means, and exercised such care and skill to stop the train and avoid the injury, as the law requires. And the law does not require superhuman foresight or wisdom, but only such efforts to be put forth in good faith, and such care and caution and skill as is ordinarily exercised by prudent men in the management of their own concerns. If the agents did this, and yet failed to stop the train and avoid the injury, then the injury was an unavoidable accident, and the company is no more liable, by reason of their

failure to avoid the injury than it would be if they had succeeded. And the court is of the opinion that the evidence in this case completely and conclusively shows that the company's agents did make every possible effort to stop the train within their power, and did resort to every means available to them, under the circumstances, to avoid the injury. That they did so use every precaution, care and skill which was possible or practicable, the evidence seems to leave no uncertainty or doubt, and is in no manner conflicting. The court therefore directs the jury to bring in a verdict for the defendant.

2. That the issue in this case is not whether the train could be stopped within any given distance, but whether the company's agents, on and in control of the train, made such efforts, resorted to such means and exercised such care and skill to stop the train and avoid the injury as the law requires ; and if they did, with honest purpose, make such efforts, and do all they could to avoid the injury, then the company is no more liable because they failed to succeed than they would if they *had* succeeded. And the law does not require superhuman foresight or wisdom, but only such care, prudence and foresight as men of ordinary prudence use in the management of their own concerns. If the jury, therefore, find from the evidence that the company's agents on the train did make all such reasonable efforts to stop the train and avoid the injury, then the injury was an unavoidable accident, and the jury will find for defendant.

The jury found for the plaintiff, and assessed his damages at $155.

The court overruled a motion for a new trial, which contained the following causes :

1. Because the verdict is contrary to evidence.

2. Because the verdict is contrary to law and instructions of the court.

Little Rock and Fort Smith Railway Company v. Henson.

3. Because the court erred in giving the first and second instructions prayed for by the plaintiff.

4. Because the court erred in. refusing to give to the jury the first instruction prayed for by defendant.

We approve the charge of the court and its refusal to charge as requested by the defendant. No doubt it is a defect in our judicial system that the trial court is unable to direct a verdict for either party, where, if returned for the opposite party, it should be set aside as against the evidence. Such a practice saves time, trouble and expense, besides conducing to a uniform administration of the law. And this practice was, to some extent, recognized and commended in *Martin v. Webb, 5 Ark., 72;* and *Hill v. Rucker, 14 ib., 706.* But every such exercise of power involves the determination of a fact or facts. Thus in this case a direction to find for the defendant would have withdrawn from the consideration of the jury the question whether the company had used due care in the running of its trains. This was a question of fact, and our Constitution forbids judges to charge juries with regard to matters of fact.

<span style="float:right">2. PRACTICE IN CIRCUIT COURT: Directing verdict. New trial.</span>

The only remedy is for Circuit Courts to set aside, promptly, verdicts that are unwarranted by evidence. And this is what should have been done in the present case. The verdict is contrary both to the evidence and instructions of the court. The accident was apparently unavoidable. A railroad company owes no duty to the owner of stock which has strayed upon its track, except to use ordinary or reasonable care at the time to avoid injury to it.

<span style="float:right">Duty of railroad company to owner of stock.</span>

Reversed and remanded for a new trial.