Sharon BELL *v.* James MISENHEIMER

CA 07-1132 285 S.W.3d 693

Court of Appeals of Arkansas
Opinion delivered June 4, 2008

[Rehearing denied July 23, 2008.*]

*Gary Eubanks & Associates*, by: *William Gary Holt*, for appellant.

*Clark S. Brewster* and *Drew Rogers*, for appellee.

K AREN R. BAKER, Judge. Appellant Sharon Bell challenges a jury verdict in favor of appellee James Misenheimer brought by Ms. Bell for damages from a car accident. She asserts that there was no evidence to support the circuit court's instruction to the jury on comparative fault and that she is entitled to a new trial. Her argument has merit; accordingly, we reverse and remand for a new trial.

On December 12, 2005, Ms. Bell was driving down Powell Street in Taylor, Arkansas, with the purpose of attending her aunt's funeral. Mr. Misenheimer was attending the same funeral. Both

---

* GRIFFEN, J., would grant rehearing.

drivers were seeking places to park their vehicles when the accident occurred. Mr. Misenheimer testified that he had pulled into a driveway with the intention of backing out and going to a parking space that he had seen. He stated that he did not see Ms. Bell because her car was lower than the cars parked beside the highway, which blocked his vision of her car. He explained that he was easing very slowly back into the highway when the impact occurred. He confirmed that the impact was "pretty hard," but that the only damage to his truck was the left rear corner of his bumper. Ms. Bell's car suffered considerably more damage, including a broken axle.

In asserting that the comparative-fault instruction was proper, Mr. Misenheimer relies upon his testimony that Ms. Bell exited her vehicle after the accident and said that "she was looking to the left to find a parking place in front of the church and didn't see [Mr. Misenheimer's vehicle]." At trial, Ms. Bell disputed the assertion that she was looking to the left when the accident occurred. In her testimony, she also stated that she did not see Mr. Misenheimer because of the cars that were parked along the road that obscured her vision of him. Mr. Misenheimer relies upon Ms. Bell's testimony that she "never saw Mr. Misenheimer," and her statement that "I wasn't looking directly beside me," to support his argument that Ms. Bell failed to maintain a proper look out while Mr. Misenheimer was doing everything that a reasonably careful person would do under the circumstances. He further asserts that Ms. Bell admitted fault at the scene.

Instructions should be based on the evidence in the case, and instructions submitting matters on which there is no evidence or stating only abstract legal propositions should not be given. *Davis v. Davis*, 313 Ark. 549, 856 S.W.2d 284 (1993). On the other hand, it is error to exclude a requested instruction if there is evidence which supports its utilization. *Parker v. Holder*, 315 Ark. 307, 314, 867 S.W.2d 436, 439 (1993). For an instruction on comparative fault to be warranted, it is necessary for there to be evidence that the plaintiff's actions were a proximate cause of her damages. *Skinner v. R.J. Griffin & Co.*, 313 Ark. 430, 433, 855 S.W.2d 913, 915 (1993). When reasonable minds can only conclude that there was no evidence of proximate cause, the instruction is improper. *Id.* In cases where it is nearly impossible to prove prejudice, the giving of the improper instruction is sufficient to require a new trial. *Id.* at 435, 855 S.W.2d at 916.

Furthermore, the issue of duty is always one for the trial court and not the jury. *Bader v. Lawson,* 320 Ark. 561, 898 S.W.2d 40 (1995); *Little Rock & Ft. S. Ry. Co. v. Henson,* 39 Ark. 413 (1882) (holding that in every civil case, where negligence is the issue, it is the duty of the court, when the evidence is all in, to sift it and determine as a matter of law whether it involves negligence or not). If the court finds that no duty of care is owed, the negligence count is decided as a matter of law, and summary judgment or a directed verdict is appropriate. *D.B. Griffin Warehouse, Inc. v. Sanders,* 336 Ark. 456, 463-64, 986 S.W.2d 836, 840 (1999); *Dunn v. Westbrook,* 334 Ark. 83, 971 S.W.2d 252 (1998); *Smith v. Hansen,* 323 Ark. 188, 196, 914 S.W.2d 285, 289 (1996); *see also First Commercial Trust Co. v. Lorcin Eng'g, Inc.,* 321 Ark. 210, 213, 900 S.W.2d 202, 203 (1995); *Lawhon Farm Supply, Inc. v. Hayes,* 316 Ark. 69, 71, 870 S.W.2d 729, 730 (1994); *Keck v. Am. Employment Agency, Inc.,* 279 Ark. 294, 652 S.W.2d 2 (1983).

To affirm this case would require us to find that, as a matter of law, Ms. Bell had a duty to anticipate that Mr. Misenheimer would fail to yield the right-of-way. A motorist traveling in the highway has no duty to assume that one entering the highway will fail to yield. Arkansas law requires the driver of a vehicle about to enter or cross a highway from a private road or driveway to yield the right-of-way to all vehicles approaching on the highway. Ark. Code Ann. § 27-51-603 (Repl. 1994). In describing this duty to yield placed upon the driver in the context of an approach to an intersection, our supreme court explained:

> We have held that the statutory obligation to yield the right of way at a stop intersection, imposed upon the unfavored driver, is not discharged by a mere stop but extends to the entire passage across the favored highway, and that the favored driver using a through highway is not required to slow down at an intersection or bring his vehicle under such control as to be able to stop, upon the assumption that an unfavored driver will fail in his duty.

*Shroeder v. Johnson,* 234 Ark. 443, 447, 352 S.W.2d 570, 572 (1926) (quoting with approval *Ness v. Males,* 93 A.2d 541, 543 (Md. 1953)). Similarly, the driver to whom the one attempting to gain access from a driveway must yield, has no obligation to assume that the driver seeking access will not yield.

Under our comparative-fault statute, Ark. Code Ann. § 16-64-122 (Supp. 2003), the fault of a plaintiff in a personal-injury case is compared to the defendant's fault. If the plaintiff's fault is

less than the defendant's, the plaintiff may recover damages from the defendant after the damages have been diminished in proportion to the plaintiff's own fault. If the plaintiff's fault is greater than or equal to the defendant's, then the plaintiff is not entitled to recover damages. The "fault" to be compared under the statute must be a proximate cause of the plaintiff's damages. *See generally Ouachita Wilderness Inst. v. Mergen*, 329 Ark. 405, 947 S.W.2d 780 (1997); *Skinner v. R.J. Griffin & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993); *Kubik v. Igleheart*, 280 Ark. 310, 657 S.W.2d 545 (1983). Because comparative fault is an affirmative defense, the burden is on the defendant to prove that the plaintiff was at fault. *See Rodgers v. CWR Constr., Inc.*, 343 Ark. 126, 33 S.W.3d 506 (2000); *Young v. Johnson*, 311 Ark. 551, 845 S.W.2d 510 (1993).

In arguing this case, Mr. Misenheimer relies on his testimony that Ms. Bell admitted fault at the scene immediately after the accident, an allegation that Ms. Bell denied at trial. The credibility issue regarding an admission of fault is irrelevant to the analysis because Ms. Bell had no duty to Mr. Misenheimer. Many years ago our supreme court explained the irrelevance of a party's admission of fault:

> Appellant next contends that the court below should have admitted the testimony of Jesse Smith. The appellant's attorney asked Smith this question: "Jesse, who was at fault?" and it is argued that Smith would have answered that he was willing to say that he was at fault. This question was not proper, and the court did not err in excluding it.

> While the evidence shows that Smith, as well as the driver of the other truck, was at fault, yet this was the very question to be determined by the jury, and not by the witness. Witnesses testify as to facts, and whether any one is negligent, or in the exercise of care, is a question for the jury. The witness testifies as to facts, and the jury draws the conclusion.

*Dermott Grocery & Comm'n Co. of Eudora v. Meyer*, 193 Ark. 591, 595-96, 101 S.W.2d 443, 445-46 (1937). *See generally* C.J.S. *Evidence* § 514 (holding that a witness cannot be permitted to state his inference as to the assumption of risk, or as to the existence of contributory negligence, even though the witness is the actor himself (footnotes omitted)). Accordingly, Mr. Misenheimer's reliance on his testimony is irrelevant to the determination of whether Ms. Bell had a duty that she failed to perform and that her failure was the proximate cause of her damages.

 Because Ms. Bell had no duty to anticipate Mr. Misenheimer's failure to yield, the trial court erred in giving the comparative-fault instruction. There is no substantial evidence that appellant failed to do something that a reasonably careful person would do or did something that a reasonably careful person would not do under the circumstances, which is the definition of negligence. *See Marx v. Huron Little Rock,* 88 Ark. App. 284, 291, 198 S.W.3d 127, 132 (2004); *Ethyl Corp. v. Johnson,* 345 Ark. 476, 49 S.W.3d 644 (2001). We cannot say that the court's inclusion of a negligence comparison to the jury did not have a prejudicial impact on the outcome of the case. *Cf. Little Rock Elec. Contrs., Inc. v. Okonite Co.,* 294 Ark. 399, 744 S.W.2d 381 (1988). With a general verdict returned by the jury, we cannot determine that the error in giving a comparative fault instruction was harmless. *Young v. Johnson,* 311 Ark. 551, 557-58, 845 S.W.2d 510, 514 (1993).

Accordingly, we reverse and remand for a new trial.

BIRD, GLOVER, and HEFFLEY, JJ., agree.

GLADWIN and GRIFFEN, JJ., dissent.

WENDELL L. GRIFFEN, Judge, dissenting.

*"It is the duty of a driver of a motor vehicle to keep a lookout for other vehicles or persons on the street or highway. The lookout required is that which a reasonably careful driver would keep under circumstances similar to those shown by the evidence in this case."*
— AMI Civ. 901(A) (2008)

One of the first things that new drivers are taught is to *always* keep their eyes on the road. Not only is it a good way to avoid accidents, it is the law. The majority's decision chips away at that fundamental rule, as it has the practical effect of declaring that a driver has no duty to keep a proper lookout if another vehicle fails to yield the right of way. I cannot embrace this decision. Therefore, I must respectfully dissent.

As the majority opinion states, the accident occurred as both parties were attempting to look for a parking space. Bell was driving down Powell Street as Misenheimer was pulling from a driveway. Both claimed that they were hit by the other driver. The key testimony for the purpose of this appeal was from Misenheimer: "[Bell] said she was looking to the left to find a parking place in front of the church house and she didn't see me. Obviously, that's what caused the accident. She said it was her fault." While

Bell denied making this statement, she admitted that her vision was obscured by the cars parked along the street and that she did not see Misenheimer prior to the impact. After the close of evidence, the jury was given the comparative-fault instruction that is the subject of this appeal.

Arkansas Code Annotated section 16-64-122(a) (Repl. 2005) instructs that in any personal-injury or property-damage action where injury is predicated on fault, liability shall be determined by comparing the plaintiff's fault to the defendant's fault. The definition of "fault" includes "any act, omission, [or] conduct . . . which is a proximate cause of any damages sustained by any party." Ark. Code Ann. § 16-64-122(c). A party is entitled to a jury instruction when it is a correct statement of the law and there is some evidentiary basis for giving the instruction. *Barnes v. Everett*, 351 Ark. 479, 95 S.W.3d 740 (2003). However, a comparative-fault instruction should not be submitted to the jury absent evidence that the plaintiff failed to do something a reasonably prudent person would do or did something a reasonably prudent person would not do under the circumstances. *Skinner v. RJ Griffin & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993); *Marx v. Huron Little Rock*, 88 Ark. App. 284, 198 S.W.3d 127 (2004).

The majority writes that Bell had no duty to anticipate Misenheimer's failure to yield and that, because she had no such duty, the circuit court erred in giving the comparative-fault instruction. True, as a driver pulling out of a driveway, Misenheimer was required to yield to oncoming traffic. *See* Ark. Code Ann. § 27-51-603 (Repl. 1994). Also true, it is not an act of negligence to assume, until the contrary is or reasonably should be apparent, that every other person will use ordinary care and obey the law. *See* AMI Civ. 602 (2008); *Sw. Ry. Co. v. Evans*, 254 Ark. 762, 497 S.W.2d 692 (1973). However, the failure of one driver to yield the right-of-way does not excuse another driver's failure to keep a proper lookout. *See* AMI Civ. 901(A). A proper lookout implies being watchful of one's own vehicle as well as the movement of other things seen. *Wingate Taylor-Maid Transp., Inc. v. Baker*, 310 Ark. 731, 840 S.W.2d 179 (1992); *Cobb v. Atkins*, 239 Ark. 151, 388 S.W.2d 8 (1965).

Further, the right-of-way does not give a driver the right to abandon caution when traversing the roadway. The "right-of-way" is merely "the privilege of the immediate use of the highway." Ark. Code Ann. § 27-49-211 (Repl. 1994). Once a driver has the right-of-way, he or she still "must continue to use

ordinary care to avoid injury or damage to himself/herself or others." AMI Civ. 909; *cf.* AMI Civ. 902 (2008) (noting that, while the vehicle in front has a right to use the highway superior to any vehicle traveling behind it, the driver of the forward vehicle still has an obligation to use ordinary care and to obey the rules of the road).

Here, the circuit court gave a comparative-fault instruction in the face of testimony that Bell was looking somewhere other than at the road when the accident occurred. While she had no duty to anticipate that another vehicle would fail to yield, she still had the duty to keep a proper lookout for other vehicles in an effort to avoid injury to herself or other vehicles. Had Bell kept a proper lookout, this accident could have possibly been avoided. This alleged breach of duty warranted the jury instruction on comparative fault.

If any teenager in this country were involved in an accident, few parents would refrain from admonishing the young driver if he or she was not paying attention to the road at the time of the accident. Today, the majority has excused such careless behavior. Because the circuit court properly gave the comparative-fault instruction in the face of evidence that Bell was not keeping a proper lookout, I would affirm. Because a majority of my colleagues hold to the contrary, I must respectfully dissent.

I am authorized to state that Judge Gladwin joins in this dissent.