2009 Ark. 222

**Sharon BELL, Appellant,**

v.

**James MISENHEIMER, Appellee.**

No. 08–731.

Supreme Court of Arkansas.

April 23, 2009.

Gary Eubanks & Associates, by: William Gary Holt, Little Rock, for appellant.

The Boswell Law Firm, by: Clark S. Brewster and Drew Rogers, Bryant, for appellee.

DONALD L. CORBIN, Justice.

Appellant Sharon Bell appealed to the Arkansas Court of Appeals from a judgment of the Columbia County Circuit Court entered pursuant to a jury verdict for Appellee James Misenheimer. Appellant had filed suit against Appellee seeking damages for injuries to her property and person, which she alleged were the result of a collision between her automobile and Appellee's. The court of appeals issued a 4–2 decision reversing the judgment for Appellee, finding the circuit court erred as a matter of law in instructing the jury on comparative fault because Appellant had no duty to anticipate Appellee would fail to yield the right-of-way. *Bell v. Misenheimer,* 102 Ark.App. 389, 285 S.W.3d 693 (2008). We granted Appellee's petition for review of that decision, which Appellee alleges presents an issue of substantial public interest and conflicts with our prior holdings that require a driver who has the right-of-way to maintain a proper lookout. Our jurisdiction is therefore pursuant to Ark. Sup.Ct. R. 1–2(e)(ii) and (iii). *See also* Ark. Sup.Ct. R. 2–4(c)(ii) and (iii). For the reason set forth below, we affirm

the circuit court's judgment entered pursuant to the jury's verdict for Appellee.

When we grant review following a decision by the court of appeals, we review the case as though it had been originally filed with this court. *Hamilton v. Barrett*, 337 Ark. 460, 989 S.W.2d 520 (1999). Appellant's sole point on appeal is that the circuit court erred in instructing the jury on comparative fault because there was no evidence that supported such an instruction. Appellant therefore claims she is entitled to a reversal and new trial. Appellee responds that there was sufficient evidence to support the instruction and that based on that evidence there were several reasonable conclusions the jury could have drawn to support the verdict, therefore the trial court did not err in giving the comparative-fault instruction.

Arkansas Rule of Civil Procedure 51 is entitled "Instructions to jury: objection" and states in pertinent part as follows:

No party may assign as error the giving or failure to give an instruction unless he objects thereto before or at the time the instruction is given, stating distinctly the matter to which he objects and the grounds of his objection....

A mere general objection shall not be sufficient to obtain appellate review of the court's action relating to instructions to the jury except as to an instruction directing a verdict or the court's action in declining to do so.

In applying Rule 51's requirements, this court has explained:

The procedure for preserving a point of appeal concerning instructions is not complex. A.R.C.P. Rule 51 mandates that in order to preserve an objection regarding an erroneous instruction of the law, the party appealing must make a timely objection by telling the trial judge why the instruction was wrong.

When the point of appeal is that the court failed to give an instruction, the party appealing must submit a proposed instruction on the issue.

*St. Louis Sw. Ry. Co. v. Grider*, 321 Ark. 84, 88, 900 S.W.2d 530, 532 (1995) (quoting *Peoples Bank & Trust Co. v. Wallace*, 290 Ark. 589, 592, 721 S.W.2d 659, 661 (1986) (citations omitted)). This court went on to explain further:

We have stated that no instruction is required to be proffered in substitution for the instruction to which objection is made; rather, all that is required to preserve an objection for appeal regarding an erroneous instruction of law is to make a timely objection and to state a valid reason for the objection. A.R.C.P. Rule 51; *Thomas Auto Co. v. Craft*, 297 Ark. 492, 763 S.W.2d 651 (1989); *Tandy Corp. v. Bone*, 283 Ark. 399, 678 S.W.2d 312 (1984).

*Grider*, 321 Ark. at 88–89, 900 S.W.2d at 532.

The following is Appellant's objection raised in the trial of this case:

THE COURT: ... and I'm also going to just give the general verdict forms, but ... I am gonna ... take Mr. Brewster's [Counsel for Defendant/Appellee/Mishenheimer] and ... take ... 903, entering the roadway, ... from your packet and put in his and as I understand it, without waiving your objection to the request for special verdict forms ... and with your motion for directed verdict, preserved, that was the only objection you had to these as given.

MR. HOLT [Counsel for Plaintiff/Appellant/Bell]: Your Honor, I have an alternate set which I will proffer to the Court that does not include any of the negligence on the part of Ms. Bell, jury instructions, and I do object to each one of those, but I'll proffer those that exclude

that and I'll proffer a form that is itemized.

Counsel for Appellant then immediately began discussing the possibility of stipulating to prejudgment interest. The trial court never ruled on Appellant's objection, although it did instruct the jury on comparative fault.

Applying the requirements of Rule 51 to the foregoing objection, we conclude it is a general objection insufficient to preserve Appellant's argument for our review. Appellant did not state the specific grounds for her objection and therein failed to tell the trial court why it would be wrong to give the comparative-fault instruction. Appellant's proffer of a substitute set of instructions, even though not required, still does not offer any insight into the specific grounds for Appellant's objection. The lack of specific grounds for the objection coupled with the lack of an express ruling indicates to us that the trial court was not presented with the "lack-of-evidence" argument that Appellant now raises on appeal.

It is elementary that this court will not consider arguments that are not preserved for appellate review. *Advance Am. Servicing of Ark., Inc. v. McGinnis*, 375 Ark. 24, 289 S.W.3d 37 (2008). We will not do so because it is incumbent upon the parties to raise arguments initially to the trial court in order to give that court an opportunity to consider them. *Id.* Otherwise, we would be placed in the position of possibly reversing a trial court for reasons not addressed by that court. *Id.* Because Appellant's argument on appeal was not preserved, we do not address it and must therefore affirm the trial court's judgment.

Accordingly, the judgment of the circuit court entered pursuant to the jury's verdict for Appellee is affirmed. The decision of the court of appeals is reversed.