2012 Ark. 417

**James Lee BROWN, Appellant**

v.

**Janice Marie LEE, Appellee.**

**No. 12–106.**

Supreme Court of Arkansas.

Nov. 8, 2012.

Rehearing Denied Dec. 13, 2012.

David A. Hodges, Little Rock, for appellant.

Watts, Donovan & Tilley, P.A., Little Rock, by: Jim Tilley and Staci Dumas Carson, for appellee.

DONALD L. CORBIN, Justice.

Appellant James Lee Brown appeals from orders of the Pulaski County Circuit Court finding that Appellee Janice Marie Lee was entitled to an offset or credit and allowing her to file a satisfaction of judgment. On appeal, Brown argues that (1) the circuit court erred in allowing Lee to file a satisfaction of judgment, (2) the circuit court erred in not sustaining his objection to the satisfaction of judgment, (3) the satisfaction of judgment that was filed was void and should be set aside, (4) there was no authority for the circuit court to grant an offset, (5) the circuit court's order and its findings of fact and conclusions of law were factually erroneous, and (6) he was entitled to court costs. As this appeal rais-

es potential issues of first impression and statutory interpretation, our jurisdiction is pursuant to Ark. Sup.Ct. R. 1–2(b)(1) & (6) (2012). We find no error and affirm.

The record reflects the following pertinent facts. Brown and his wife, Roseleen Brown,[1] were involved in an automobile collision with Lee on January 14, 2004. The Browns initially filed a complaint against Lee and State Farm Insurance, the Browns' insurance carrier.[2] With regard to their claim against State Farm, the Browns asserted that Lee's policy limits were inadequate to compensate them for their damages, and they sought recovery under the underinsured-motorist ("UIM") coverage provided for in their State Farm policy. Shortly after commencement of the action, State Farm was dismissed. as a defendant. The Browns filed an amended complaint against State Farm, again alleging that they were entitled to payment of UIM benefits. Again, State Farm was dismissed and, thereafter, the Browns brought an action against State Farm's insurer in federal district court. *See Brown v. State Farm Mut. Auto. Ins. Co.,* No. 4:09CV00781 JLH, 2010 WL 330236 (E.D.Ark. Jan. 28, 2010). The district court dismissed the action, without prejudice, on the basis that the Browns had failed to state a claim for which relief could be granted.

A nonsuit was also taken with regard to the Browns' claim against Lee. Thus, the only action remaining from the 2004 complaint was State Farm's cross-claim against Lee. Then, in 2010, the Browns filed a second action against Lee, asserting a claim for negligence. This action was consolidated with the pending 2004 action.

During the pendency of the litigation, Lee's insurer, Safeco, offered the policy limits of $50,000 to settle the case. The Browns notified State Farm of the tentative settlement, and State Farm elected to pay the Browns $60,000, $10,000 of which was an advance under Brown's UIM coverage, and the other $50,000 represented the liability limits of Lee's liability insurance with Safeco.

Safeco subsequently paid its $50,000 liability limits into the registry of the court. State Farm moved to have this money distributed to it, asserting that it had previously substituted $50,000 of its own UIM coverage for Lee's liability limits in order to protect its right of subrogation against Lee. State Farm further noted in its motion that the Browns' claim against State Farm for UIM coverage was rejected by the federal district court, and that they had twice nonsuited their UIM claims in state court, thus rendering Brown's claim for UIM benefits res judicata, pursuant to Ark. R. Civ. P. 41(a)(2) (2012). Brown filed a response, agreeing that State Farm was entitled to the distribution, specifically stating that State Farm tendered the $50,000 in order to preserve its subrogation rights. Brown denied, however, the res judicata allegations and the assertion that it no longer had a claim for UIM benefits against State Farm. State Farm filed a response, pointing out that the Browns had no complaint or prayer for relief pending against State Farm in the consolidated cases.

Thereafter, the circuit court entered an order distributing the funds to State Farm:

---

**1.** Mrs. Brown was originally a plaintiff in this case but is not a party to the present appeal.

**2.** In the original complaint, the Browns also named as defendants General Motors, the manufacturer of the truck Brown was driving at the time of the accident; and two parts manufacturers, Autoliv, Inc., and Hamlin, Inc. Brown reached a settlement with GM and the parts manufacturers, and they were subsequently dismissed from the case.

The Court finds that after the conclusion by trial, judgment or dismissal of the Plaintiffs James Lee Brown and Roseleen Brown's claims against Janice Marie Lee set forth in the Complaint filed in the 2010 case before its consolidation, that the payment of theses monies will be considered partial satisfaction of up and to Fifty Thousand Dollars ($50,000.00) on any judgment entered in James or Roseleen Brown's favor on their Complaint against Janice Marie Lee.

This amount was distributed to State Farm to reimburse it for the $50,000 payment made to Appellant. State Farm then dismissed its cross-claim against Lee.

The Browns' negligence action against Lee was tried before a jury on August 10–11, 2011. The jury found that Brown suffered damages of $53,614, but further found that he was forty percent at fault in this case, thereby reducing his award of damages to $32,168.40.

After the trial ended, Lee filed a motion for offset or credit, asserting that she was entitled to the credit as a result of the $50,000 in policy limits paid to the Browns. In so moving, Lee pointed to the circuit court's prior order of distribution, wherein it stated that the $50,000 would be considered partial satisfaction of any judgment the Browns might obtain. Lee further argued that she was entitled to an offset for the $90,000 paid by the settling defendants, but recognized that issue was likely moot because of the $50,000 payment of policy limits. Lee also filed a motion for entry of satisfaction of judgment.

At the request of the circuit court, the Browns filed a brief in response to the motions filed by Lee. Therein, they argued that the motions should be denied because Lee (1) cited no authority demonstrating an entitlement to an offset, (2) took inconsistent positions regarding any entitlement to an offset, and (3) was not entitled to any offset or any contribution under the Uniform Contribution Among Tortfeasors Act ("UCATA"). Brown also requested that the circuit court enter findings of fact and conclusions of law pursuant to Ark. R. Civ. P. 52 (2012).

The circuit court entered an order on November 10, 2011, finding that Lee was entitled to an offset because of the previous tender of $50,000 in policy limits and that Lee was entitled to prepare and have filed a satisfaction of judgment. In its findings of fact and conclusions of law, the circuit court noted that "[d]uring the pendency of the litigation State Farm, the defendant's liability insurance carrier tendered the defendant's policy limits in the amount of $50,000 to the plaintiffs" and because the jury awarded the Browns damages of $32,168.40, Lee was entitled to an offset and satisfaction of judgment. A satisfaction of judgment was filed by Lee on November 18, 2011. Brown filed an objection to it on November 28, 2011, arguing that it was improper to enter the satisfaction of judgment because he planned to appeal and because he had no opportunity to object to the satisfaction of judgment. This appeal followed.

As his first point on appeal, Brown argues that the circuit court erred in permitting Lee to file a satisfaction of judgment in this case. Specifically, Brown asserts that the $50,000 paid to him by State Farm, an amount equal to the limits of Lee's liability insurance, was a payment made pursuant to the contract of UIM coverage. Thus, according to Brown, this payment, as part of the UIM coverage, was a payment of insurance between Brown and State Farm and not part of the tort recovery. Brown now claims that he has never received any payment in this case from Lee or her insurance carrier, such that it would satisfy the judgment in

this case. Lee counters that this argument is without merit, as the circuit court correctly allowed her to enter a satisfaction of judgment where State Farm had paid the $50,000 policy limits to Brown.

In advancing his argument, Brown asserts that the appropriate standard of review to be employed is de novo because this court is called upon to interpret Ark. Code Ann. § 23–89–209(d) (Repl.2004), the statute governing UIM coverage. This court need not determine the appropriate standard of review, however, because we are precluded from addressing Brown's argument that the $50,000 payment was made pursuant to his underinsurance coverage. This argument is being raised for the first time on appeal. The record clearly reveals that after Lee moved for an offset and for entry of satisfaction of judgment, Brown raised objections on two different occasions. First, the circuit court ordered each side to brief the issue of Lee's motions. In his brief, Brown argued that the motions should be denied because of Lee's failure to cite to any supporting authority, because she took inconsistent positions and because she was not entitled to any offset or any contribution under the UCATA.

Then, on November 28, 2011, Brown filed an "Objection to Satisfaction of Judgment" therein arguing that (1) he intended to bring an appeal and, thus, a satisfaction of judgment could not be entered; (2) his attorney did not have the opportunity to object to the satisfaction of judgment. Appellant never argued to the circuit court that the $50,000 paid to him by State Farm was anything other than Lee's policy limits, paid by State Farm to preserve its statutory right of subrogation. In fact, when the circuit court entered the order granting State Farm's request that the

funds be distributed to it, the circuit court specifically stated that the $50,000 paid by State Farm would represent partial satisfaction of any judgment obtained by Brown. Brown never objected to this order, nor did he raise any argument that the $50,000 payment he received from State Farm was payment under his UIM coverage.

It is axiomatic that this court will not consider arguments raised for the first time on appeal. *Boellner v. Clinical Study Ctrs., LLC,* 2011 Ark. 83, 378 S.W.3d 745. Moreover, a party cannot change the grounds for an objection or motion on appeal, but is bound by the scope and nature of the arguments made at trial. *Id.* Accordingly, we are precluded from addressing the merits of this argument on appeal.

Likewise, Brown's next two arguments on appeal are not preserved for our review. As his second point on appeal, Brown argues that the circuit court erred in allowing the satisfaction of judgment and not sustaining his objection of November 28, 2011. In raising this argument, Brown states that he "argues as to this point the same reasoning discussed above." For his third point, Brown argues that the satisfaction of judgment filed with a certificate of service of November 18, 2011, is void and should be set aside. Again, Brown reiterates that the satisfaction of judgment was improper where neither Lee nor her insurer ever made a payment to Brown. Because both of these arguments are being raised for the first time on appeal, we will not consider the merits of either argument. *See Boellner,* 2011 Ark. 83, 378 S.W.3d 745.

Next, Brown asserts that the circuit court's November 10, 2011 order was factually erroneous.[3] He further argues

3. Brown actually raises this argument in two different points on appeal, but we need ad-

that the circuit court lacked authority to grant an offset in favor of Lee. In advancing these arguments, Brown points to a statement in the circuit court's order wherein the circuit court incorrectly stated that the "defendant's insurance company has previously tendered $50,000 to the plaintiffs and that the defendant is entitled to an offset in such amount." Brown is correct that this statement by the circuit court was in error, where the record demonstrates that the $50,000 paid to Brown was from his own insurer, State Farm. Brown does not claim, however, that he is entitled to have the order set aside on this basis alone. And, in fact, this argument does not provide a basis for reversing the circuit court's order. The misstatement by the circuit court that it was the defendant's insurance company that paid the $50,000 instead of the plaintiff's own insurance company does nothing to change the legal position of Brown. The effect of the order is the same; namely, that Brown was paid the policy limits of Lee's policy.

Arkansas Rule of Civil Procedure 60 and case law extending back over 150 years give circuit courts the authority to correct a clerical mistake in an order at any time with a nunc pro tunc order, used to make the record speak now what was actually done then. *See* Ark. R. Civ. P. 60(b) (2012); *Lord v. Mazzanti,* 339 Ark. 25, 2 S.W.3d 76 (1999); *Bridwell v. Davis,* 206 Ark. 445, 175 S.W.2d 992 (1943). A circuit court is permitted to enter a nunc pro tunc order when the record is being made to reflect that which occurred but was not recorded due to a misprision of the clerk. *Rossi v. Rossi,* 319 Ark. 373, 892 S.W.2d 246 (1995). This court has defined a true clerical error, one that may be corrected by a nunc pro tunc order, as "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Francis v. Protective Life Ins. Co.,* 371 Ark. 285, 293, 265 S.W.3d 117, 123 (2007) (quoting *Luckes v. Luckes,* 262 Ark. 770, 772, 561 S.W.2d 300, 302 (1978)). In *Francis,* this court explained that a handwritten entry of an interest rate of six percent on a judgment, which was changed to ten percent, was a true clerical error. Likewise, the circuit court's reference of State Farm as Lee's insurance carrier, rather than Brown's carrier, is a clerical error that may be corrected by a nunc pro tunc order.

Next, we turn to the subpoints raised by Brown to support his conclusion that the circuit court lacked authority to grant an offset. For the reasons explained below, there is no merit to Brown's contention that the order of the circuit court should be reversed. First, Brown argues that Lee was not entitled to an offset on the basis that she cited to no authority supporting her request for one. In this regard, Brown cites to this court's decision in *Ganey v. Kawasaki Motors Corp.,* 366 Ark. 238, 234 S.W.3d 838 (2006), for support. *Ganey,* however, stands for the proposition that this court will not consider arguments that are unsupported by authority. There is no such requirement in the circuit court. The circuit court is called upon to determine whether Lee sufficiently proved that she was entitled to assert the equitable defense of an offset. *See, e.g., Douglas v. Adams Trucking Co.,* 345 Ark. 203, 46 S.W.3d 512 (2001), and here the circuit court found she sufficiently proved it.

Next, Brown asserts that Lee took inconsistent positions regarding her entitlement to any offset. In support, Brown points to Lee's motion and "Amended Mo-

dress the issue only once.

tion for Leave to File Third Party Complaint" as proof of her inconsistent position. We fail to see any inconsistency. The record reflects that prior to trial Lee moved to join the settled defendants for the purposes of apportionment only. Lee's motions were denied. Then, after trial, Lee moved for the offset based on the fact that State Farm had already paid her policy limits to Brown. This is simply not inconsistent, and Appellant's argument to the contrary fails.

■ Brown further contends that Lee was not entitled to any offset under the UCATA. As Lee points out, however, the UCATA is not triggered in this case as Lee was the only defendant at trial. More importantly, the circuit court, in entering its findings of fact and conclusions of law on the issues, specifically held that Lee was entitled to an offset based on the payment of the $50,000 by State Farm to Brown. Nothing in the circuit court's order suggested that the offset was based on the settlement between Brown and the settling defendants. Accordingly, there is no merit to this argument.

■ As his final point on appeal, Brown argues that the circuit court erred in depriving him of court costs, as he successfully obtained a judgment against Lee, and a prevailing party is entitled to costs pursuant to Ark. R. Civ. P. 54(d) (2012). Brown further asserts that the November 10, 2011 judgment states that "plaintiffs James Lee Brown and Roseleen Brown have and recover judgment from and against Janice Marie Lee in the amount of $32,168.40 ... together with allowable costs." Thus, according to Brown, this statement in the judgment is in conflict with the decision to allow Lee to file a satisfaction of judgment, thereby foreclosing his right to court costs. Lee responds that Brown never raised the issue of court costs below and is therefore

precluded from doing so on appeal. Further, Lee argues that Brown was more than compensated in light of the fact that he received $50,000 in policy limits, despite the jury awarding him only $32,168.40.

Lee is correct that Brown never raised the issue of court costs to the circuit court. In fact, after the entry of judgment, Brown took no action on the allowance of court costs. He never filed any motion or affidavit with the court detailing his costs. Moreover, he never, in the two times he objected to the offset and satisfaction of judgment, raised the issue that he was entitled to court costs such that the court should not enter a satisfaction of judgment. Thus, Brown cannot now argue that he was entitled to costs such that entry of the satisfaction of judgment was in error. *Boellner*, 2011 Ark. 83, 378 S.W.3d 745.

Affirmed.